**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Peter D'IGUILLONT, a/k/a Peter D'Iguillon a/k/a Pedro E. Guillont, Defendant–Appellant.**

**No. 91–3334.**

United States Court of Appeals,
Seventh Circuit.

Argued Sept. 22, 1992.

Decided Nov. 12, 1992.

Rehearing and Rehearing En Banc
Denied Jan. 4, 1993.

Sharon Jackson, Asst. U.S. Atty. (argued), Office of the U.S. Atty., Indianapolis, Ind., for U.S.

David Rubman (argued), Chicago, Ill., for defendant-appellant.

Before COFFEY and MANION, Circuit Judges, and ESCHBACH, Senior Circuit Judge.

ESCHBACH, Senior Circuit Judge.

Peter D'Iguillont pled guilty to two counts of armed bank robbery, 18 U.S.C. §§ 2113(a) and 2113(d), and one count of weapon use during a crime of violence 18 U.S.C. § 924(c). D'Iguillont received an eighty-seven-month sentence for the two robbery counts and a consecutive sixty-month sentence for the weapon count. D'Iguillont challenges this sentence on direct appeal on two grounds. First, he asserts that the government breached its plea agreement which entitled him to a recommended sentence that was within the Guidelines. Second, he asks us to remand for resentencing because the district court did not state reasons for his federal sentence running consecutively to a prior state sentence. We affirm.

## I.

D'Iguillont twice robbed an Indiana savings and loan institution while armed. (Tr. 14–16). In addition, D'Iguillont later committed a third bank robbery in Kentucky for which he was convicted and sentenced by that state. (Tr. 22–23). After a federal grand jury returned a four count indictment against D'Iguillont based on his Indiana crimes, he executed a Petition to Enter a Plea of Guilty and a Memorandum of Plea Agreement. (R. 11 and 12).

The plea agreement required D'Iguillont to plead guilty to three of the four counts charged. In exchange for the plea of guilty, the Government agreed to:

recommend that the Court impose a sentence within the applicable Sentencing Guidelines range determined pursuant to the application of the Sentencing Guidelines by the U.S. Probation Office and the Court. The Defendant understands that the Government may recommend a specific number of months. The Government will not present any argument, and will leave to the discretion of the Court, whether the sentence imposed, or any part thereof, should run consecutive to any unexpired term of imprisonment the Defendant is currently serving or may serve.

(R. 12–2). The plea agreement prohibited D'Iguillont from requesting a departure from the Sentencing Guidelines range, but allowed him to request that his federal sentence run concurrent with his unexpired state sentence. (R. 12–2).

Despite its agreement to recommend a sentence within the Guidelines, the government filed a "Belated Objection to Presentence Report" (R. 13), objecting "to paragraph 84 of the Presentence Report wherein the Probation Office stated that '[t]he probation officer has not identified any information which would warrant a departure from the guidelines.'" (See Presentence Report, ¶ 84). The government argued for an upward departure based on D'Iguillont's criminal history being underrepresented, two sets of charges pending against him at the time of the bank robberies, and D'Iguillont's admission to a cocaine habit. (R. 13–3 through 13–5). The government concedes that its objection breached its plea agreement with D'Iguillont.

On August 30, 1991, the government filed its "Amended Belated Objection to the Presentence Report" (R. 14). This objection was identical to its earlier objection, except for the following two sentences:

The Government amends its previously filed objections to clarify that the Government recognizes that the terms of the plea agreement prevent the Government from advocating that the Court impose an upward departure at sentencing.

However, the Government believes that there is a legal basis for departure should the Court, in its discretion, decide to do so.

(R. 14–1).

When D'Iguillont appeared with counsel before the court, Judge S. Hugh Dillin accepted D'Iguillont's plea of guilty and proceeded to sentencing. D'Iguillont, through counsel, requested that any sentence run concurrently with his state sentence, but as noted earlier, D'Iguillont's federal sentence was imposed consecutive to his state sentence. The sentence was within the guidelines range, albeit at the upper level of the range. (Range of 70 to 87 months, Guidelines § 2B3.1). Judge Dillin also imposed a four year period of supervised release, restitution and special assessment, but no fine. Judge Dillin made no statement on the record whether D'Iguillont's sentence should run concurrently with or consecutively to his state sentence. Therefore, according to 18 U.S.C. 3584(a), the sentence would be consecutive. At no time did D'Iguillont or his counsel object to the government's Belated Objection or Amended Belated Objection, nor did either of them contend to the trial court that the government had breached the plea agreement.

## II.

D'Iguillont's first argument is that the government breached the plea agreement by filing an objection to the Probation Office's Presentence Report. Ordinarily where a prosecutor breaches a promise made in a plea agreement, the interests of justice are best served by remanding the case for specific performance or withdrawal of the guilty plea. *Santobello v. New York*, 404 U.S. 257, 261, 92 S.Ct. 495, 498, 30 L.Ed.2d 427 (1971). *Santobello*, however, is predicated upon a defendant's proper objection to the government's alleged breach. As our recent decision in *United States v. Pryor*, 957 F.2d 478, 482 (7th Cir.1992) makes clear, breach of a plea agreement cannot be raised for the first time on direct appeal. Because D'Iguillont did not object to this breach at trial, he waived this issue.

D'Iguillont argues, however, that this breach falls within the limited plain error exception to waiver and that we should remand for a new sentencing hearing or allow him to withdraw his plea. We have long held that "a plain error is an error that is not only palpably wrong but [is] also likely to cause the outcome of the trial to be mistaken. A reversal on the basis of plain error can be justified only when the reviewing court is convinced that it is necessary in order to avert an actual miscarriage of justice." *United States v. White*, 903 F.2d 457, 466–67 (7th Cir.1990) (internal citations and quotations omitted). Therefore, to establish plain error, D'Iguillont must show that but for the breach of the plea agreement his sentence would have been different. *United States v. Hope*, 906 F.2d 254, 259 (7th Cir.1990). This he does not do. Judge Dillin did not make an upward departure as the government belatedly recommended before its amendment. D'Iguillont's sentence is within the Guidelines range. Nothing in the record indicates that the government's objection caused a different outcome at his sentencing hearing. Thus, the plain error doctrine does not change our holding that D'Iguillont has waived this issue on appeal.

D'Iguillont also contends that if he waived the breach of the plea agreement argument, he did so because of the ineffective assistance of his counsel, which he believes violates his Sixth Amendment rights. For several reasons, however, "appellate courts generally do not consider claims of ineffective assistance of counsel on direct appeal from guilty pleas." *United States v. Fisher*, 772 F.2d 371, 373 (7th Cir.1985). In *Fisher*, we noted that often on direct appeal the record does not fully disclose counsel's version of events nor an explanation of trial counsel's actions. " 'However, we have the discretion to resolve an attorney incompetence issue when ... both parties ask us to resolve the matter, the question has been briefed and argued, and we have the entire [sentencing] record before us.' " *United States v. Aquilla*, 976 F.2d 1044, 1052 (7th Cir.1992). In this case both parties have not request-

ed us to resolve the issue, it has not been fully argued, and the record is not clear regarding trial counsel's reasons for his conduct. D'Iguillont's trial counsel could have had reasoned that objecting to the Belated Objection would only result in drawing Judge Dillin's attention to it, or he could have been concerned that an objection would result in D'Iguillont being sentenced before a different judge. Because D'Iguillont's allegations depend on evidence outside the record, we decline to rule on this issue, noting that D'Iguillont is free to raise it in a collateral proceeding. *Aquilla*, 976 F.2d at 1052.

■ D'Iguillont's final argument is that Judge Dillin erred by failing to state reasons for his federal sentence to run consecutive to his state sentence. A decision that sentences run consecutively is not one that requires reasons to be stated on the record. According to 18 U.S.C. § 3584(a), sentences run consecutively unless the court orders that they are to run concurrently. Therefore, we decline to remand for resentencing on this issue as well.

AFFIRMED.