998 F.2d 1016
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff/Appellee,
v.
Seung IM, Defendant/Appellant.
 No. 92-2673.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 30, 1993.*
Decided July 8, 1993.
 
 Before MANION and ILANA DIAMOND ROVNER, Circuit Judges, and PELL, Senior Circuit Judge.
 
 ORDER
 
 1
 Seung Im pleaded guilty to violating 21 U.S.C. § 846, conspiracy to distribute cocaine in violation of 21 U.S.C. § 841(a). The district court sentenced him to 24 months of imprisonment, consecutive to a state sentence he was already serving, and three years supervised release. On appeal, Im claims that his counsel was ineffective for advising him that he could receive a sentence concurrent to his state sentence.
 
 
 2
 In order to prevail on a claim of ineffective assistance of counsel, Im must prove that his counsel's performance was deficient and that the deficiency prejudiced his appeal. Hollenback v. United States, 987 F.2d 1272, 1275 (7th Cir.1993) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)). Counsel's performance was deficient if it fell below "an objective standard of reasonableness." Strickland, 466 U.S. at 688. We do not generally consider claims of ineffective assistance of counsel for the first time on direct appeal from guilty pleas unless the record is adequate to do so. United States v. Wagner, Nos. 90-2737, 90-2738, 90-2739, 1993 WL 213074, at * 10, 1993 U.S.App. LEXIS 14745, at * 28 (7th Cir. June 17, 1993) (citing United States v. D'Iguillont, 979 F.2d 612, 615 (7th Cir.1992), cert. denied, 113 S.Ct. 1873 (1993); United States v. Aquilla, 976 F.2d 1044, 1053 (7th Cir.1992)).
 
 
 3
 Im argues that his trial counsel was incompetent for acting under the mistaken belief that she could request successfully that Im's federal sentence run concurrent to his unexpired state sentence. Quoting from the 1987 Sentencing Guidelines[1], Im argues that it would be "impossible" for federal and state sentences to run concurrently:
 
 
 4
 If at the time of sentencing, the defendant is already serving one or more unexpired sentences, then the sentences for the instant offense(s) shall run consecutively to such unexpired sentences, unless one or more of the instant offense(s) arose out of the same transactions or occurrences as the unexpired sentences....
 
 
 5
 Appellant's Brief at 11 (citing U.S.S.G. § 5G1.3 (Nov. 1, 1987)) (emphasis added).
 
 
 6
 Im relies on the wrong version of the Guidelines. Because the offense in question was committed in June 1990, the district court applied the 1989 Guidelines. Under the 1989 Guidelines, the instant sentence runs consecutive to the unexpired term "if the instant offense was committed while the defendant was serving a term of imprisonment." U.S.S.G. § 5G1.3 (Nov. 1, 1989) (emphasis added). Im committed the instant offense in June 1990; he began serving his state sentence in July 1991. Section 5G1.3 does not require the sentencing court to impose a consecutive sentence.
 
 
 7
 The commentary for § 5G1.3 further provides that "[w]here the defendant is serving an unexpired term of imprisonment, but did not commit the instant offense while serving that term of imprisonment, the sentence for the instant offense may be imposed to run consecutively or concurrently with the unexpired term of imprisonment." U.S.S.G. § 5G1.3, Commentary (emphasis added). The Guidelines specifically leave the decision to the discretion of the district court.
 
 
 8
 Im has also cited cases which were decided before the enactment of the Sentencing Guidelines. Those cases carry little weight here.[2] Under current federal law, the district court may order a term of imprisonment to run concurrently or consecutively to an undischarged term of imprisonment. 18 U.S.C. § 3584(a); D'Iguillont, 979 F.2d at 615; see United States v. Schmude, 901 F.2d 555, 560-561 (7th Cir.1990).
 
 
 9
 The district court had the discretion to impose a sentence concurrent with the state sentence Im was already serving but declined to exercise that discretion. At the hearing which addressed Im's guilty plea, both the prosecutor and the defense attorney advised the court, in Im's presence, that Im would be requesting a concurrent sentence and the government would be recommending a consecutive sentence. The court considered the requests along with the presentence investigation report in determining Im's sentence. At the sentencing hearing, the court expressed its refusal to impose the sentence concurrent to Im's state sentence:
 
 
 10
 I can't see where giving you a concurrent sentence is going to get the job done that needs to be done in your case.... I can find no logical reason to think that giving you a concurrent sentence is going to solve the problem that you have with yourself and that society has with you. I think I would be foolish to do this.
 
 
 11
 (Sent.Tr. at 8-9). Im's counsel might not have accurately assessed the likelihood of the court's willingness to exercise its discretion, but Im's counsel was not ineffective for representing to Im that a concurrent sentence was possible.
 
 
 12
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). Appellant has filed such a statement and requested oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record
 
 
 [1]
 Im failed to cite the version of the Guidelines upon which he relies. After comparing his quotation to every version of the Guidelines, we have deduced that he is citing to the 1987 version
 
 
 [2]
 Those cases held that certain sentencing discretions were within the authority of the Attorney General pursuant to 18 U.S.C. § 4082. People Ex. Rel. Middleton v. MacDonald, 407 N.E.2d 775 (Ill.Ct.App.1980); United States v. Warren, 610 F.2d 680 (1980). Section 4082 has since been amended and is now applicable only to offenses committed prior to Nov. 1, 1987. See 18 U.S.C. § 4082 (1993)