12 F.3d 1101
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff/Appellee,
v.
Thearthur YARBOUGH and Sadie Mae Culpepper, Defendants/Appellants.
 Nos. 92-3676, 92-3692.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 19, 1993.*
Decided Nov. 24, 1993.
 
 Before BAUER and MANION, Circuit Judges, and ESCHBACH, Senior Circuit Judge.
 
 ORDER
 
 1
 Thearthur Yarbough and Sadie Mae Culpepper were convicted of conspiracy to distribute more than 50 grams of cocaine base, distribution of cocaine base, and possession with intent to distribute cocaine base. 21 U.S.C. Secs. 841(a)(1), 846. The jury acquitted them of using or carrying a firearm in relation to a drug-trafficking crime. 18 U.S.C. Sec. 924(c). Both Yarbough and Culpepper appeal the trial judge's failure to grant them a two-level reduction for acceptance of responsibility. Additionally, Culpepper challenges the sufficiency of evidence on the possession conviction and the district court's finding that 85.24 grams of cocaine base should be used to compute her offense level.
 
 I. Yarbough
 
 2
 Yarbough contends that he should have been given a reduction for acceptance of responsibility because he cooperated during the search of his home, told the officers where the cocaine was, admitted to the existence of a gun and pointed out its location, and was truthful in the proffer both before and after the trial. He claims that the only reason he went to trial was to challenge the firearm charge of which he was ultimately acquitted. He asserts that the district court relied solely on his decision to go to trial in denying him the two-level reduction.
 
 
 3
 The district court's finding concerning acceptance of responsibility is factual and will be overturned only if clearly erroneous. United States v. Rivero, 993 F.2d 620, 623 (7th Cir.1993). Under the Sentencing Guidelines, a defendant's offense level may be reduced by two levels if he "clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct." U.S.S.G. Sec. 3E1.1 (Nov.1991). The reduction is also available for those who go to trial to "assert and preserve issues that do not relate to factual guilt." U.S.S.G. Sec. 3E1.1, comment. (n. 2).
 
 
 4
 The trial transcript shows that Yarbough contested not only his factual guilt on the firearm charge but also the facts underlying the various counts of conspiracy and possession. That is, the acquittal on the firearm charge is irrelevant to the acceptance of responsibility determination because other issues of factual guilt were contested at trial. Thus, Yarbough's case does not fit into the "rare situation" where a defendant "who puts the government to the burden of its proof" could be given the reduction. U.S.S.G. Sec. 3E1.1, comment. (n. 2).
 
 
 5
 Furthermore, Yarbough has failed to accept affirmatively personal responsibility for his criminal conduct. The district court found that Yarbough cooperated with the government to minimize Culpepper's penalty. According to the officer who searched Yarbough's residence, Yarbough stated that he would disclose the location of the narcotics if Culpepper could go free. The agent who interviewed Yarbough testified that Yarbough's main goal in telling the truth at the proffer was to reduce Culpepper's sentence.
 
 
 6
 Under the circumstances, the trial judge could conclude that Yarbough's cooperation was not an affirmative acceptance of responsibility but rather a result of his desire to reduce Culpepper's sentence. United States v. White, 993 F.2d 147, 151 (7th Cir.1993) ("A desire to minimize a criminal sentence is distinguishable from acceptance of responsibility--the former will not provide a basis for a Sec. 3E1.1 reduction."); United States v. Cojab, 978 F.2d 341, 343 (7th Cir.1992) (denial of a Sec. 3E1.1 reduction affirmed because defendant entered his plea of guilty as an attempt to have charges against his wife dismissed). Accordingly, the district court did not commit clear error in denying the Sec. 3E1.1 reduction.
 
 II. Culpepper
 
 7
 Culpepper argues that the evidence was insufficient to convict her of possession with intent to distribute 27.71 grams of cocaine base. Culpepper bears a heavy burden because "a verdict will withstand a sufficiency of the evidence challenge unless there is no evidence from which the jury could find guilt beyond a reasonable doubt." United States v. Villagrana, No. 91-3740, slip op. at 4 (7th Cir. Sept. 21, 1993); see Jackson v. Virginia, 443 U.S. 307, 319 (1979). We review the evidence in the light most favorable to the government. Villagrana, No. 91-3740, slip op. at 4.
 
 
 8
 Culpepper argues that she did not intend to distribute the 27.71 grams of cocaine found in her dresser drawer. Her purpose was, rather, to hide the drugs from Yarbough because of his dependency on cocaine. However, given her participation in at least four other drug sales in which she counted drug money, transported cocaine, and spoke at length with the undercover agent about the drug business, a rational trier of fact could have concluded that Culpepper intended to sell the 27.71 grams of cocaine. Thus, we will not disturb the jury finding.
 
 
 9
 Culpepper challenges her sentence on two grounds: 1) the quantity of cocaine used to compute her offense level, and 2) the district court's failure to give her a two-level reduction for acceptance of responsibility. Culpepper failed to raise these issues in the district court. To avoid waiver, she asserts that her counsel was ineffective at the sentencing hearing. See United States v. D'Iguillont, 979 F.2d 612, 614 (7th Cir.1992), cert. denied, 113 S.Ct. (1993). Because the record is adequately developed and the issue is sufficiently clear-cut, we can address the issue. United States v. Levine, No. 91-3514, slip op. at 14 (7th Cir. Sept. 27, 1993).
 
 
 10
 To succeed on the ineffective assistance of counsel claim, Culpepper must show that her counsel's performance was deficient and that such deficient performance so prejudiced her defense as to render the result of her sentencing proceeding unfair or unreliable. Lockhart v. Fretwell, 113 S.Ct. 838, 843 (1993); Strickland v. Washington, 466 U.S. 668, 687 (1984). We will address the prejudice prong of the test first because it will resolve the case more expeditiously. Barker v. United States, No. 91-1746, slip op. at 7 (7th Cir. Oct. 15, 1993).
 
 
 11
 Culpepper argues that the total amount attributable to her should not include the above mentioned 27.71 grams or the uncharged 12.54 gram sale stated in Count 4 against Yarbough. Specifically, she argues that the undercover officer who bought the 12.54 grams from Yarbough admitted that she was not involved in that particular sale.
 
 
 12
 Culpepper's argument lacks support. As discussed above, Culpepper's conviction for possession with intent to distribute the 27.71 grams was supported by the evidence, and thus, the trial court correctly held her accountable for it. Furthermore, in conspiracy cases, each defendant is responsible for the amount she actually distributed as well as any amount involved that is reasonably foreseeable to her. United States v. Severson, 3 F.3d 1005, 1011 (7th Cir.1993); United States v. Tolson, 988 F.2d 1494, 1502 (7th Cir.1993). Although Culpepper was "not involved" in the sale of the 12.54 grams, she was present and observed the purchase. By the preponderance of the evidence, United States v. Banks, 964 F.2d 687, 692 (7th Cir.), cert. denied, 113 S.Ct. 470 (1992), the district court could have determined that the 12.54 gram sale was reasonably foreseeable to Culpepper. In any event, since Culpepper already was given the lowest sentence possible for 50-150 grams of cocaine base, whether the 12.54 grams was attributed to her makes no difference to her sentence; the total amount still would be above 50 grams. Thus, Culpepper is not prejudiced by her counsel's acceptance of the district court's calculation at sentencing.
 
 
 13
 Culpepper also contends that her counsel should have requested a reduction for acceptance of responsibility because she cooperated with the officers when they arrived at her house and directed them to the cocaine in her bedroom. Culpepper did not accept responsibility for having the intent to distribute the 27.71 grams of cocaine found in her dresser drawer; she went to trial to contest her factual guilt with respect to that issue. Since she was convicted of that charge and we have determined that the conviction is supported by the evidence, her argument for a Sec. 3E1.1 reduction must fail. Thus, we cannot say that counsel's performance has so prejudiced Culpepper as to render the result of her sentencing proceeding unfair or unreliable.
 
 
 14
 For the foregoing reasons, the judgements of the district court are AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). Culpepper has filed such a statement. Upon consideration of that statement, we have concluded that oral argument would not be helpful. The appeals are submitted on the briefs and record