69 F.3d 540
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert BURNS, Defendant-Appellant.
 No. 94-3613.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 18, 1995.
Decided Oct. 23, 1995.
 
 Before POSNER, Chief Judge, and CUMMINGS and BAUER, Circuit Judges.
 
 ORDER
 
 1
 Pursuant to a written agreement, Robert Burns pled guilty to possession of a firearm by a felon, 18 U.S.C. Secs. 922(g)(1), 924(e), and was sentenced to 180 months' imprisonment. Burns' appellate counsel has filed a motion to withdraw, accompanied by a brief supporting his belief that an appeal in this case would be frivolous. Anders v. California, 386 U.S. 738 (1967); United States v. Edwards, 777 F.2d 364 (7th Cir.1985). Pursuant to Circuit Rule 51(a), we notified Burns of his attorney's motion, and he has filed a response.
 
 
 2
 In the Anders brief, counsel has identified one potential issue for appeal: whether the guilty plea was intelligently and voluntarily made based on advice from trial counsel which fell within the necessary range of competence. Counsel concludes that pursuing the ineffective assistance claim on appeal would be frivolous because the trial attorney's advice was not incompetent. Appellate counsel argument rests completely on the unexplained assertion that police reports "at least arguably" show that the stop was based on reasonable suspicion as required by Terry v. Ohio, 392 U.S. 1 (1968).
 
 
 3
 In his response to the Rule 51(a) notice, Burns argues that he has a meritorious claim that his plea was not voluntary and knowing because counsel gave him bad advice about the possible success of a motion to suppress. Burns attaches an affidavit stating that he asked trial counsel to file a motion to suppress, but that counsel refused to do so.
 
 
 4
 A plea of guilty may be considered unknowingly and involuntarily entered if in connection with the decision to plead guilty the defendant does not receive reasonably effective assistance of counsel. United States v. Malave, No. 93-2579, slip op. at 4 (7th Cir. April 14, 1994). Defendant would be required to show that the advice to plead guilty was not "within the range of competence demanded of attorneys in criminal cases." Id.; United States v. Alvarez-Quiroga, 901 F.2d 1433, 1437 (7th Cir.1990). He must also show that there is a reasonable probability that but for counsel's errors, he would have insisted on going to trial. Hill v. Lockhart, 474 U.S. at 59. This in turn depends on the likelihood of success of the absent motion to suppress. See United States v. Madewell, 917 F.2d 301, 304 (7th Cir.1990). Whether a suppression motion would have been successful requires a determination of the constitutionality of the police officers' conduct in stopping Burns. See Terry v. Ohio.
 
 
 5
 This is precisely the type of case where it is inappropriate to bring an ineffective assistance of counsel claim on direct appeal. See United States v. D'Iguillant, 979 F.2d 612, 614 (7th Cir.1992). The determination requires the court to consider evidence outside of the record. Although we now have appellate counsel who was not trial counsel,[1] the record is not sufficiently developed. The record on direct appeal from the entry of the judgment of conviction based on the guilty plea contains nothing more than a few police reports. This is not enough for the court to discern whether a motion to suppress should have been filed, or a guilty plea conditioned on the right to appeal the denial of a motion to suppress.
 
 
 6
 The police reports indicate that after the police received a call reporting a theft, and witnesses who saw "two parties" (without reference to their gender or any other description) who ran westbound through some neighboring yards. Another radio report mentioned a white vehicle, with no further description. A nearby officer stated that he saw a yellow Cadillac drive by. An officer at the scene, without indicating why, replied that it might be the car they sought. When the officer looked for the yellow car, he found that it had parked nearby, and that defendant Burns and a woman were walking up to the door of a house. The officers approached Burns, who said he was walking the woman to her door. There was no indication in the police reports that the police were looking for a man and a woman. When the officer learned over the radio that an arrest warrant was outstanding for Burns based on a parole violation, he attempted to place Burns in cuffs, and Burns "began to try and break his hands free." He was stopped, and a handgun was found in his pocket. He was not charged with any crime in connection with the reported burglary attempt.
 
 
 7
 Outside of the police reports, none of the facts related to an ineffective assistance claim or involuntarily plea claim are developed in the record. It is necessary to make a factual inquiry into the information that Burns relayed to his attorney, how his attorney responded, and the reasons for his attorney's advice not to file a motion to suppress and to enter an unconditional plea of guilty. Here, the record is silent as to defense counsel's preparation for the case, his possible tactical considerations, and his failure to move to suppress evidence of the handgun found in Burns' possession. Thus, the answer to the question of whether trial counsel was ineffective when he advised defendant to enter an unconditional guilty plea lies outside this record, and is most appropriately raised in a motion to vacate sentence under 28 U.S.C. Sec. 2255. It would be frivolous to pursue this claim in a direct appeal, not because the claim is without merit (and we do not intend to indicate whether it does or does not merit), but because it needs to be brought in a collateral proceeding.
 
 
 8
 For these reasons, appellate counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.
 
 
 
 [1]
 The original trial counsel also filed a motion to withdraw and an Anders brief. We granted his motion to withdraw based on the finding that the brief was inadequate, and appointed new appellate counsel