114 F.3d 1192
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Deandre JONES, Defendant-Appellant.
 No. 96-4191.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 28, 1997.
Decided May 15, 1997.
 
 Before CUMMINGS, EASTERBROOK and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 While visiting his credit union in June 1996, Deandre Jones left a blue pouch at the reception desk. A credit union employee discovered cash and crack cocaine in the pouch when she looked inside for identification. The credit union then alerted the police. Mr. Jones called the credit union and asked if a blue pouch had been found. He was arrested when he returned to retrieve the pouch. In September 1996, Mr. Jones pleaded guilty to one count of knowing possession of a mixture or substance containing cocaine base or crack, a Schedule II controlled substance, with the intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). On December 12, 1996, Mr. Jones was sentenced to 100 months in prison, a term of four years' supervised release, and a mandatory penalty of $100.00. His court-appointed counsel filed a notice of appeal, but now seeks to withdraw under Anders v. California, 386 U.S. 738 (1967). Mr. Jones was notified of the motion to withdraw under Circuit Rule 51 and filed a timely response.
 
 
 2
 Mr. Jones' lawyer identifies three issues which might be brought on appeal but which he asserts would be frivolous. First, Mr. Jones' lawyer states that Mr. Jones could challenge the sufficiency of the factual basis for his plea. See Fed.R.Crim.P. 11(f). Counsel asserts that the factual basis provided by the government for the guilty plea was sufficient even though Mr. Jones appears to suggest that the events at the time of the arrest were different from those described by the government.
 
 
 3
 Based on the information in the record, a sufficient factual basis existed for Mr. Jones' guilty plea. The only discrepancy alleged by Mr. Jones was that he did not want to accept the pouch and that it was forced upon him. The evidence recited by the government at the change of plea hearing, however, demonstrated that Mr. Jones had left the pouch containing the cocaine base and the cash in the credit union and that the pouch belonged to him. Although he disputed the actual events surrounding the arrest, Mr. Jones confirmed that he had called the credit union asking about a pouch that matched the one which the officer had tried to give him when he returned to pick it up.
 
 
 4
 Counsel also suggests that Mr. Jones could appeal the district court's failure to advise him of the possible fine associated with his sentence in violation of Federal Rule of Criminal Procedure 11(c)(1). However, no fine ultimately was imposed; thus the failure to advise Mr. Jones of the possibility of the fine did not affect his substantial rights and constituted harmless error. Fed.R.Crim.P. 11(h).
 
 
 5
 In addition, counsel suggests that Mr. Jones could appeal his sentence based on a one-point increase in his criminal history score for a 12-month conditional discharge for driving while his license was suspended. While § 4A1.1(c)(1)(A) expressly provides for the one-point enhancement if "the sentence was a term of probation of at least one year or a term of imprisonment of at least 30 days," this court has held that for purposes of this section, conditional discharge is the equivalent of supervised probation. United States v. Damico, 99 F.3d 1431, 1438 (7th Cir.1996); United States v. Caputo, 978 F.2d 972, 976-77 (7th Cir.1992). Thus the enhancement was appropriate.
 
 
 6
 In his Rule 51 response, Mr. Jones, relying on United States v. James, 78 F.3d 851, 855-56 (3d Cir.1996), asserts that his sentence was incorrect because ambiguity existed in his plea in that it was not clear that he pleaded guilty for knowingly possessing crack, as opposed to cocaine base, with the intent to distribute. Mr. Jones clearly pleaded guilty to possessing "cocaine base, or crack" with the intent to distribute; thus distinguishing his case from that in James.[1]
 
 
 7
 Mr. Jones' assertion that no proof existed at the Change of Plea hearing that the special assessment increased from $50.00 to $100.00 is meritless. See 18 U.S.C. § 3013 (increasing the amount of the special assessment on convicted individuals to $100.00 in cases in which the defendant was convicted on or after April 24, 1996).
 
 
 8
 Finally, Mr. Jones states that an appeal is necessary because counsel was ineffective for failing to object to the sentence because the government did not prove beyond a reasonable doubt or a preponderance of the evidence that the substance was crack.[2] As discussed previously, however, such an argument would be frivolous in light of the wording of Mr. Jones' plea; thus any appeal based on an alleged ineffective assistance of counsel for failure to argue the issue during sentencing would be frivolous.
 
 
 9
 MOTION TO WITHDRAW GRANTED AND APPEAL DISMISSED.
 
 
 
 [1]
 This court has held that "cocaine base" means crack for sentencing purposes. United States v. Booker, 70 F.3d 488 (7th Cir.1995); see also U.S.S.G. § 2D1.1, Notes to Drug Quantity Table, Note (D)
 
 
 [2]
 "[A]ppellate courts generally do not consider claims of ineffective assistance of counsel on direct appeal from guilty pleas." United States v. D'Iguillont, 979 F.2d 612, 614 (7th Cir.1992) (citation omitted)