129 F.3d 120
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Norberto LAUREL-JIMINEZ, Defendant-Appellant.
 No. 96-3490.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 14, 1997.*
Decided Oct. 14, 1997.
 
 Appeal from the United States District Court for the Central District of Illinois, No. 95-10093; Michael M. Mihm, Judge.
 Before CUMMINGS, MANION, and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Norberto Laurel-Jiminez pleaded guilty to one count of possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and was sentenced to ten years' imprisonment, to be followed by eight years' supervised release. Laurel-Jiminez directly appeals his conviction, claiming that his plea was involuntarily made and that he received ineffective assistance of counsel. We affirm.
 
 
 2
 Laurel-Jiminez was indicted on October 7, 1992 on one count of conspiring to distribute cocaine in violation of 21 U.S.C § 846. Although a warrant for his arrest was issued at that time, he was not apprehended until December 1994. On December 28, 1995, he appeared before the district court, waived his right to be indicted by a grand jury, and agreed to the filing of an information charging him with conspiring to distribute cocaine between 1986 and November 1, 1987. On January 3, 1996, he executed a second waiver of indictment and agreed to the filing of a superseding information charging him with possession of cocaine with the intent to distribute in violation of 21 U.S.C. § 841(a) and (b). He entered a plea of guilty to the superseding information but then filed a motion to withdraw the plea on February 8, 1996. He then withdrew that motion on September 20, 1996 and agreed to be sentenced that same day. He was sentenced to ten years' imprisonment with the possibility of parole after serving one-third of his sentence.[1] In fact, because he had been incarcerated for almost three years by the time of his sentencing, he became eligible for parole on April 9, 1997.
 
 
 3
 On appeal, Laurel-Jiminez argues that his guilty plea was unintelligent and should be withdrawn because his attorney refused to show him and provide him with copies of various documents, including the information and the government's discovery. This argument is factually inaccurate. The district court conducted a hearing to ensure that Laurel-Jiminez entered his plea knowingly and voluntarily. With the assistance of an interpreter, he acknowledged that he had been shown a copy of the plea, that the interpreter had read it to him word for word, that he understood the nature and elements of the crime asserted in that document, and that he had discussed its contents at length with his attorney. The district court ascertained that Laurel-Jiminez had been shown the testimony of witnesses who would have testified at trial. It also made sure that Laurel-Jiminez understood that he was not permitted to have personal copies of all the government's discovery, such as witness files, because of the risk associated with providing copies of such sensitive information to criminal defendants.
 
 
 4
 Rule 11 of the Federal Rules of Criminal Procedure requires that a defendant's guilty plea be knowingly and voluntarily made. This determination is made by applying a "flexible, common-sense 'totality of the circumstances' " approach to the question of whether a defendant understood the charges to which he plead. United States v. Ranum, 96 F.3d 1020, 1024 (7th Cir.1996), cert. denied, 117 S.Ct. 773 (1997). Our review of whether Laurel-Jiminez's plea was knowingly and voluntarily made is limited to plain error, however, because he did not seek to withdraw his guilty plea in the district court but instead brought his claim directly to us. United States v. Akinsola, 105 F.3d 331, 332 (7th Cir.1997) (noting that "[t]he preferred method of getting out from under a plea of guilty is to ask the trial court for relief"); see also Fed.R.Crim. 32(e). With this standard in mind, we find no plain error with the district court's determination that Laurel-Jiminez made his plea voluntarily and intelligently.
 
 
 5
 Lauiel-Jiminez also argues that the plea is defective and should be withdrawn because he agreed to plead guilty only upon the condition of parole eligibility, and yet now he allegedly finds himself incarcerated without the possibility of early release. In fact, however, he is eligible for parole. The Rule 11 colloquy addressed his eligibility for parole, as does the district court's April 9, 1997 Order.
 
 
 6
 Finally, Laurel-Jiminez argues that he received ineffective assistance of counsel when his attorney (a) encouraged him to waive his statute of limitations defense and plead guilty under the pre-1987 version of 21 U.S.C. § 841;[2] and (b) allowed the government to change the charged offense to one that did not allow parole or supervised release. Notwithstanding the fact that the second contention is simply wrong (Laurel-Jiminez is eligible for parole) and that the first contention apparently stems from this same misconception, we note that appellate courts generally refuse to consider claims of ineffective assistance of counsel on direct appeal from guilty pleas. United States v. Phillips, 37 F.3d 1210, 1216 (7th Cir.1994). And while "we have the discretion to resolve an incompetent attorney issue when ... both parties ask us to resolve the matter, the question has been briefed and argued, and we have the entire [sentencing] record before us," such is not the case here. United States v. Aquilla, 976 F.2d 1044, 1053 (7th Cir.1992). The entire record is not before us, and we therefore decline to rule on this issue. United States v. D'Iguillont, 979 F.2d 612, 615 (7th Cir.1992).
 
 
 7
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 21 U.S.C. § 841(a) renders it unlawful for any person to knowingly or intentionally "manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance." Effective November 1, 1987, § 841 was amended to eliminate parole eligibility for defendants sentenced under the statute. See Controlled Substances Act, Pub.L. 98-473, 98 Stat.2030, 2031 (Nov. 1, 1987); 21 U.S.C. § 841(b)(1)(A)(viii). However, in light of the age of the government's case against Laurel-Jiminez and the fact that he had served a significant amount of jail time by the time the government filed its information, the government agreed to charge him under the version of § 841 in existence prior to November 1, 1987, thereby allowing him to benefit from parole eligibility
 
 
 [2]
 As explained in the preceding footnote, Laurel-Jiminez agreed to plead guilty under the pre-1987 version of 21 U.S.C. § 841 because that version allowed parole. In order to so plead, however, he had to waive his statute of limitations defense because the current version of the statute has a five-year limitations period and more than five years had passed between the events underlying the government's information and the date of Laurel-Jiminez's plea agreement. See 21 U.S.C. § 844a(I) (setting five-year limitation period)