**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Herold JACKSON, Defendant–Appellant.**

No. 95–2804.

United States Court of Appeals,
Seventh Circuit.

Argued May 29, 1996.

Decided Aug. 15, 1996.

Barry Rand Elden, Chief of Appeals, Mark Hirsch (argued), Office of the United States Attorney, Chicago, IL, for Plaintiff-Appellee.

Richard I. Feingold (argued), Chicago, IL, Defendant-Appellant.

Before ESCHBACH, ROVNER and EVANS, Circuit Judges.

ESCHBACH, Circuit Judge.

Defendant Herold Jackson pleaded guilty to the crime of being present in the United States as an illegal alien, a violation of 8 U.S.C. § 1326. As a result of that conviction, Jackson was sentenced to seventy months' incarceration in the Bureau of Prisons. Jackson appeals both his conviction and his sentence. We affirm.

## I.

Jackson is a citizen of Jamaica with no legal status in the United States. In 1984, Jackson was paroled from Jamaican prison. In 1985, Jackson illegally entered the United States in Florida after travelling by boat from Jamaica.

Jackson soon caught the attention of law enforcement officials in the United States. In 1986, Jackson was arrested in Missouri after he sold cocaine to an undercover police officer in Missouri. As a result of that arrest, Jackson pleaded guilty in state court to two counts of selling cocaine. By 1987, Jackson had travelled to Colorado. While in Denver, Jackson was arrested and charged with unlawfully carrying a gun and possessing cannabis. Jackson was convicted of pos-

session of marijuana and fined, but the court did not sentence him to any jail time.

On October 21, 1987, federal agents arrested Jackson on federal firearm violations. Jackson pleaded guilty to making a false statement in connection with the purchase of a .38 caliber pistol, a violation of 18 U.S.C. § 922(a)(6). The court sentenced Jackson to three years' imprisonment, but he was paroled in 1989. On January 22, 1990, Jackson was arrested for possession of controlled substances. On January 16, 1991, Jackson pleaded guilty in Colorado state court to the unlawful sale of a controlled substance. Jackson was sentenced to six years' imprisonment.

On November 7, 1991, an Immigration Judge ordered that Jackson be deported from the United States to Jamaica. During his deportation, Jackson signed a letter acknowledging that he had been warned that if he reentered the United States subsequent to a conviction for an aggravated felony and deportation, he would be fined up to $250,000 and imprisoned up to fifteen years, or both.

Jackson returned to the United States illegally in 1993. On December 7, 1993, police in Skokie, Illinois stopped Jackson and found counterfeit U.S. currency in his possession. Jackson gave a false name and was released. Fingerprint analysis later revealed his identity and on January 20, 1994, a criminal complaint was filed against Jackson, charging him with being in the United States as an illegal alien.

On December 22, 1994, Jackson filed a motion to dismiss the indictment. Jackson made two claims in the motion: (1) that he had not been convicted of an aggravated felony as alleged in the indictment; and (2) that his most recent deportation hearing, which occurred on July 16, 1992, had been fundamentally unfair. The United States filed a detailed response to the motion, including Jackson's deportation file and an audio tape of the deportation hearing. On March 8, 1995, defendant withdrew his motion to dismiss and pleaded guilty.

Prior to sentencing, Jackson filed a motion for a downward departure from the Sentencing Guidelines based on his status as an illegal alien. Jackson argued that he deserved a departure because he would be deported after serving his prison term and would not qualify for prison benefits such as early release into a halfway house. The court denied Jackson's motion. Jackson appeals from his conviction and his sentence.

## II.

▪ Jackson requests that we vacate the judgment entered against him based upon his plea of guilty because he argues that he received ineffective assistance of counsel. We review a claim of ineffective assistance of counsel under the familiar two-pronged standard established in *Strickland v. Washington,* 466 U.S. 668, 694, 104 S.Ct. 2052, 2068, 80 L.Ed.2d 674 (1984), and applied to a plea of guilty in *Hill v. Lockhart,* 474 U.S. 52, 58–61, 106 S.Ct. 366, 370–72, 88 L.Ed.2d 203 (1985).[1] The defendant must establish that his counsel's performance was objectively unreasonable and that counsel's conduct caused prejudice. In the case of a guilty plea, the second prong of the *Strickland* test requires the defendant to show that there is a reasonable probability that, but for counsel's errors, the defendant would not have pleaded guilty and would have insisted on going to trial. *Id.* at 59, 106 S.Ct. at 370–71.

▪ Jackson claims that his trial attorney was ineffective because the attorney withdrew a motion to dismiss the indictment that was based upon a challenge to Jackson's underlying deportation hearing. Specifically, Jackson claims that his trial attorney should have pursued two claims relating to the November 7, 1991, deportation hearing: (1) that the Immigration Judge failed to inform him of his right to appeal the decision finding him subject to deportation and (2) that Jackson was not represented by counsel at that deportation hearing.

---

1. Jackson and the government agree that this claim is properly raised on direct appeal because Jackson bases his complaints about his lawyer's performance solely on the record below and he is represented by different counsel on appeal. *McCleese v. United States,* 75 F.3d 1174, 1178 (7th Cir.1996).

Pursuant to *United States v. Espinoza–Farlo,* 34 F.3d 469 (7th Cir.1994), a successful collateral attack on a deportation order that underlies the defendant's offense of conviction, 8 U.S.C. § 1326, requires a defendant to make two showings. First, Jackson must establish that the deportation hearing effectively foreclosed his right to direct judicial review of the deportation order. Second, Jackson must establish that the deportation hearing was fundamentally unfair. "In other words, he must show that he was prejudiced by the Immigration Judge's failure to inform him of his rights to seek a suspension of deportation or to appeal, because an informed exercise of those rights would have yielded him relief from deportation." *Id.* at 471.

Jackson cannot establish a claim of ineffective assistance of counsel because, even if his attorney had pursued the motion to dismiss, Jackson could not have satisfied either of the two *Espinoza–Farlo* showings. First, the recording of the deportation hearing indicates that the Immigration Judge advised Jackson of his right to appeal the deportation order.[2] In addition, Jackson had filed previous appeals of adverse immigration rulings, demonstrating that he was well aware of his appellate rights. Thus, Jackson cannot establish that the deportation hearing foreclosed his right to direct judicial review of the deportation order. Second, even if Jackson had exercised his right to appeal the deportation order, his exercise of those rights would not have yielded him relief from deportation. Jackson was in the United States illegally and certified records verify that he had committed numerous aggravated felonies. Jackson had no defense to deportation.

### III.

■ Jackson also appeals from the sentencing court's denial of his written motion for a downward departure based on alienage. We lack jurisdiction to review a district court's discretionary refusal to depart from the sentencing range determined by the Sentencing Guidelines. *United States v. Blackwell,* 49 F.3d 1232, 1241 (7th Cir.1995). We may review the refusal to depart downward only if it is based on the district court's erroneous belief that it had no discretion to do so. That is, if the district court misinterprets the sentencing guidelines, then the sentence would be reviewable pursuant to 18 U.S.C. § 3742(a).

Although at least one other circuit court has had occasion to decide whether alienage may be considered as a factor for the sake of a downward departure, *United States v. Restrepo,* 999 F.2d 640, 640–45 (2d Cir.), *cert. denied,* 510 U.S. 954, 114 S.Ct. 405, 126 L.Ed.2d 352 (1993), this court has not. We need not decide the issue today. In the instant case, the judge stated that "I am not going to depart downward, even if I had the discretion to do so. I don't see why I should go beyond the 70 months."[3] The Ninth Circuit has held that it will not review a refusal to depart downward based on an erroneous belief of lack of authority to do so if the judge unambiguously indicated that he would

**2.** There is some controversy over the tape recording of the hearing. Apparently, one copy of the tape recording that was given to the Clerk of the Seventh Circuit was an incomplete copy. The complete copy contains the Immigration Judge's notice to Jackson of his right to appeal. Jackson concedes as much in his reply brief. Reply Brief, at 4.

**3.** Any ambiguity in the district court's statements is resolved by the following colloquy, which occurred between the district court and one of the attorneys:

MR. CROWL: Can I ask one question, Judge? With regard to the denial of the downward departure, you mentioned that you would deny it even if you had the discretion to do so. Are you making the double finding that you don't think you should come down, but you realize—

THE COURT: I believe the 16–level enhancement is legally appropriate. Under the circumstances even if I felt there were—there were an extraordinary reason to downward depart—I mean even if there is an arguable basis for it which would give me the authority to depart, I wouldn't do it.

MR. CROWL: I understand, Judge.

THE COURT: I think this amount of prison is required so that Mr. Jackson realizes he can't come in the country illegally and he can't commit crimes, particularly while he is in the country illegally. And I don't get any joy out of that. That is—and that is it.

Sentencing Hearing Transcript at 39.

refuse to do so anyway.[4] *United States v. Eaton*, 31 F.3d 789, 794 (9th Cir.1994); *United States v. Belden*, 957 F.2d 671, 676 (9th Cir.), *cert. denied*, 506 U.S. 882, 113 S.Ct. 234, 121 L.Ed.2d 169 (1992). We agree with the Ninth Circuit that we lack jurisdiction over cases where the district court unambiguously indicates that it would not depart from the sentence, even if it had authority to do so.

## IV.

For the foregoing reasons, Jackson's conviction is AFFIRMED and the challenge to his sentence is DISMISSED for lack of jurisdiction.

---

**4.** We are not even certain that the district court thought that it lacked authority to depart. Jackson fully briefed the issue before the district court in a written motion and cited cases to the court. It is likely that the court simply refused to depart based on the facts of this defendant's particular case and not because of some misconception about its authority to depart.