151 F.3d 1033
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
James LEE, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 97-3121.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 23, 1998*.
Decided June 15, 1998.
 
 Appeal from the United States District Court for the Southern District of Illinois. No. 95-CV-588-WDS. William D. Stiehl, Judge.
 Before Hon. THOMAS E. FAIRCHILD, Hon. FRANK H. EASTERBROOK, Hon. DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 Pursuant to a written agreement, James Lee pled guilty on October 20, 1994 to conspiracy to distribute marijuana and was sentenced on January 6, 1995 to a term of fifty-seven months, as well as a fine and supervised release. On July 31, 1995 he filed a motion pursuant to 28 U.S.C. § 2255, challenging his conviction as double jeopardy. His motion, as amended, was denied on February 11, 1997, and he appealed.
 
 
 2
 The government argues that we do not have jurisdiction of the appeal because the appeal was filed after the effective date of the Antiterrorism and Effective Death Penalty Act (AEDPA), and he did not obtain a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B) requires a certificate for an appeal from "the final order in a proceeding under section 2255." The "proceeding" referred to is clearly the proceeding in the district court, which was pending on April 24, 1996, when AEDPA became effective. The Supreme Court has held that Congress did not intend that the relevant portion of AEDPA apply to cases pending on that date. See Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997), rev'g Lindh v. Murphy, 96 F.3d 856 (7th Cir.1996). Hence, no certificate of appealability is required even though the appeal was not taken until AEDPA went into effect. We proceed on the merits.
 
 
 3
 Lee's original motion challenged his conviction as double jeopardy. His plea agreement dated February 25, 1994, provided that he forfeit certain assets as proceeds of trafficking in marijuana, and Lee turned them over to the government when the agreement was signed. The fact that this forfeiture preceded his conviction was the basis for his double jeopardy claim. The claim was ultimately denied and is not pursued on appeal.
 
 
 4
 Lee's motion was amended several times, and included a claim that the government had breached the plea agreement, and that his counsel had been ineffective with respect to the agreement.
 
 
 5
 The plea agreement required Lee to cooperate with the government, including disclosure and testimony concerning criminal activity within his knowledge. It further provided:
 
 
 6
 Defendant and the Government agree that, based on complete and total cooperation on the part of Defendant, the Government may, in the sole discretion of the United States Attorney, file a Rule 35 Motion at the appropriate time advising the Court of a recommended reduction of sentence. The amount of the recommended reduction rests in the sole discretion of the United States Attorney.
 
 
 7
 The government made no Rule 35 motion. Lee claimed he had performed his obligation, but that the government had not kept its part of the bargain. The government responded that the defendant's attack on his conviction on the grounds of double jeopardy and ineffective assistance of counsel was contrary to the spirit and letter of the plea agreement. The government argues that its refusal was not arbitrary nor based on any constitutionally impermissible ground. See Wade v. United States, 504 U.S. 181, 183, 112 S.Ct. 1840, 118 L.Ed.2d 524 (1992).
 
 
 8
 Defendant argues that there was an express, unequivocal promise to move for a reduction in sentence, or that an obligation to do so should be implied. The former is a claim that the true agreement was not included in the text. It is met by a provision in the agreement that no promises, inducements or representations were made other than those specifically set forth, by his acknowledgment at the change of plea hearing that he understood the court's summary of the plea agreement, and by his testimony at the trial of another defendant that in return for his testimony he "would hope for a reduction in sentence, but I am not guaranteed that." As to his argument for an implication, the most that could be implied would be an obligation that the United States Attorney would exercise his discretion in the matter. If so implied, we agree with the government that the refusal was not shown to be arbitrary nor improperly motivated. See id.
 
 
 9
 Lee also contends that his counsel did not thoroughly read the plea agreement before advising Lee to sign it and that he would not have signed the plea agreement had he known that the filing of a Rule 35 motion was discretionary. Under Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), Lee must establish that his counsel's performance was objectively unreasonable and that counsel's conduct caused prejudice. See United States v. Jackson, 93 F.3d 335, 337 (7th Cir.1996). "In the case of a guilty plea, the second prong of the Strickland test requires the defendant to show that there is a reasonable probability that, but for counsel's errors, the defendant would have insisted on going to trial." Id. (citing Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)).
 
 
 10
 At his change of plea hearing, Lee stated that he was fully satisfied with his counsel's performance, that he understood the filing of a Rule 35 motion was at the sole discretion of the government, and that no additional promises were given to induce his guilty plea. Lee now claims that he would not have entered into the plea agreement if his counsel had informed him that the filing of a Rule 35 motion was discretionary. However, it is clear from the transcripts that Lee was aware of the government's discretion in this area and that no other promises were given to him in order to induce a guilty plea. Therefore, Lee cannot establish that but for his counsel's alleged errors he would not have entered a guilty plea, and has failed to establish the necessary prejudice.
 
 
 11
 Accordingly, the decision of the district court is
 
 
 12
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and record. See Fed. R.App. P. 34(a); Cir. R. 34(f)