151 F.3d 1033
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Charles Edward SWEENEY, Jr., Petitioner-Appellant,
v.
UNITED STATES OF AMERICA, Respondent-Appellee.
 No. 97-3259.
 United States Court of Appeals, Seventh Circuit.
 Submitted May 14, 1998.*
Decided May 14, 1998.
Rehearing and Suggestion for Rehearing En Banc Denied June 22, 1998.
 
 Appeal from the United States District Court for the Southern District of Indiana, New Albany Division, No. NA 92-4-CR-01 NA 95-0026-C-B/G, Sarah Evans Barker, Chief Judge.
 Before Hon. JOEL M. FLAUM, Hon. MICHAEL S. KANNE, Hon. TERENCE T. EVANS, Circuit Judges.
 
 ORDER
 
 1
 Charles Sweeney appeals the denial of his 28 U.S.C. § 2255 motion to set aside his guilty plea and sentence for using a bomb in connection with a crime of violence. Sweeney's main claim is ineffective assistance of counsel based on his lawyer's alleged failure to notify him of his right to appeal, and his lawyer's incorrect advice regarding his sentence and his immunity from state charges. Because Sweeney has failed to establish ineffective assistance of counsel, we affirm.
 
 
 2
 In 1992, Sweeney was charged in a seven-count indictment with various crimes related to his possession of methamphetamine and his attempt to blow up a law enforcement officer's car. Just before trial, Sweeney pleaded guilty to two counts, including attempted destruction of a vehicle in violation of 18 U.S.C. § 844(i) (Count 4) and the use of a bomb in connection with a crime of violence in violation of 18 U.S.C. § 924(c) (Count 5). As part of the plea agreement, Sweeney agreed to cooperate with the United States, and the United States agreed not to prosecute him for any crimes disclosed during the debriefing, with three exceptions that are not relevant here. The United States also agreed to file a motion under U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e) recommending a three-level reduction in Sweeney's base offense level based on the quality and quantity of information they received during the debriefing. During the guilty plea hearing, Sweeney expressly stated that "no threats or promises or predictions" were made to induce him to enter into the agreement, and the district court advised Sweeney of his right to appeal the sentence.
 
 
 3
 Sweeney then was debriefed by federal officials during which he detailed the location of the body of Daniel Guthrie. Less than two weeks later, in August 1992, Sweeney was charged by Indiana state authorities with the murder of Guthrie. In October 1992, Sweeney and the government entered into an Amended Plea Agreement in which Sweeney pleaded guilty only to Count 5.[2] The remaining provisions of the original plea agreement were unchanged. At the hearing on the amended agreement, Sweeney stated that he had read the amended agreement and confirmed that all of the issues discussed at the original plea hearing were still valid. At the sentencing hearing, Sweeney was sentenced to a term of 210 months' imprisonment to be followed by five years' supervised release. In November 1995 Sweeney was convicted by a jury in Indiana state court for the murder of Guthrie and was sentenced to 60 years' imprisonment to be served consecutively to his federal sentence.
 
 
 4
 Sweeney did not file a direct appeal of his federal sentence, but filed a motion to set aside or vacate his sentence pursuant to 28 U.S.C. § 2255 in February 1995 contending that the district court improperly sentenced him, that the district court erred in departing from the Guidelines, that he was not given notice of the government's intention to apply an "enhancement statute," and that trial counsel was ineffective. The district court denied the § 2255 motion and Sweeney appeals.
 
 
 5
 On appeal, Sweeney raises several claims, including that his guilty plea was not knowing and voluntary, that the district court imposed an illegal sentence and committed plain error by failing to advise him of his right to appeal, and ineffective assistance of counsel. We first note that Sweeney did not raise the voluntariness of his guilty plea as a separate claim before the district court; rather he raised it as an ineffective assistance of counsel claim. Thus, this claim has been waived to the extent that it is distinct from his ineffective assistance of counsel claim.
 
 
 6
 In addition, Sweeney failed to file a direct appeal. It is well-established that a § 2255 motion is not a substitute for direct appeal. Barnickel v. United States, 113 F.3d 704, 706 (7th Cir.1997). Claims not raised on direct appeal are barred from collateral review unless the petitioner can show cause for failing to have raised the claim earlier and actual prejudice from the failure to raise the claim, or if a failure to consider the issue would lead to a fundamental miscarriage of justice. Prewitt v. United States, 83 F.3d 812, 816 (7th Cir.1996). However, ineffective assistance of counsel claims generally are not appropriate for review on direct appeal as they often rely on evidence outside the record. United States v. D'Iguillont, 979 F.2d 612, 614 (7th Cir.1992). Here, because Sweeney's ineffective assistance of counsel claims rely in part on extrinsic evidence, they were appropriately raised on collateral review.
 
 
 7
 We conclude, however, that the claims lack merit. In order to establish ineffective assistance of counsel, Sweeney must show that his counsel's performance was deficient and that the proceeding was rendered fundamentally unfair as a result of the deficient performance. See Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Lockhart v. Fretwell, 506 U.S. 364, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993). Sweeney argues that counsel was ineffective for failing to advise him of his right to appeal his sentence within ten days, for having falsely advised him that he was immune from state prosecution for statements made during his debriefing, for misadvising him about the sentence he would receive and for permitting him to be improperly sentenced. We review these in turn.
 
 
 8
 With respect to advising him of his right to appeal, we note that the Constitution does not require a lawyer to advise his client of the right to appeal; only the court must do so. See Castellanos v. United States, 26 F.3d 717, 719 (7th Cir.1994). And here the court did, both during his plea hearing and during sentencing. Sweeney does not allege that counsel failed to file an appeal at Sweeney's request; accordingly, we find no basis for ineffective assistance of counsel based on his right to appeal.
 
 
 9
 Sweeney also asserts that counsel misadvised him regarding his possible sentence. This argument lacks merit. The original plea agreement and the amended plea agreement specifically state that the court determines the sentence to be imposed and that any recommendations within the plea agreement are not binding. The amended plea agreement further states that Count 5 carries a mandatory thirty-year sentence. See Amended Plea Agreement, p 15A. The district court concluded that Sweeney signed the plea agreement knowingly and voluntarily and we agree. While counsel may have indicated that Sweeney may receive a shorter sentence, the plea agreement specifically stated that he could receive a sentence of thirty years and the district court confirmed Sweeney's understanding of the potential sentence during the plea hearing. Accordingly, Sweeney has failed to demonstrate prejudice related to counsel's alleged misinformation regarding the length of his sentence.
 
 
 10
 Sweeney next asserts that counsel was ineffective for misadvising him about immunity from prosecution by state authorities for statements made during his debriefing with federal authorities. Before the state murder trial, a hearing on the motion to suppress Sweeney's statement made during the federal debriefing was held. Michael McDaniel, one of Sweeney's lawyers, testified that prior to going into the federal debriefing, he had made an oral agreement with the Indiana assistant state's attorney for use immunity for Sweeney regarding the murder of Guthrie. The state court concluded that, in fact, no agreement for use immunity had been made. Sweeney argues that he never would have pleaded guilty had he not been immunized from state prosecution on the basis of his statement. The government-asserts that the alleged use immunity agreement with the state has no bearing on his guilty plea as the plea agreement was entered into prior to the alleged immunity agreement with the State of Indiana.
 
 
 11
 "In the case of a guilty plea, the second prong of the Strickland test requires the defendant to show that there is a reasonable probability that, but for counsel's errors, the defendant would have insisted on going to trial." United States v. Jackson, 93 F.3d 335, 337 (7th Cir.1996) (citing Hill v. Lochart, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)). Although Sweeney now argues that he would not have pleaded guilty had he known he was not immune from state prosecution, the record belies this assertion. As noted by the district court, the Indiana murder charges against Sweeney had been brought before the hearing on the amended plea agreement and before he was sentenced. Yet at this combined hearing, Sweeney confirmed that his plea was knowing and voluntary. In fact, at the hearing on the amended plea agreement, Sweeney made a statement to the district court and alluded to the Indiana murder charges, but in no way challenged the validity of the plea agreement in light of those charges. Because Sweeney has not shown that any misinformation provided to him by counsel regarding his state prosecution caused his federal plea to be involuntary or unknowing, this claim fails.
 
 
 12
 In a final argument on appeal, Sweeney asserts that the government could not have made a motion for a downward departure because 18 U.S.C. § 924(c) requires a mandatory 30-year sentence, that the § 5K1.1 motion also was improper because the debriefing did not result in the "investigation or prosecution of another person," and that the government improperly instructed him during plea negotiations that he was facing life without parole if he did not plead guilty. The government asserts these arguments are waived because they were not raised or were abandoned at the district court level. The latter two claims clearly were not raised before the district court and thus are waived. Although Sweeney did raise the first claim, that 18 U.S.C. § 924(c) requires a 30-year sentence, before the district court, he raised this only as a means to vacate his sentence, and did not assert that the government had breached its plea agreement on that ground. Issues regarding the application of the Sentencing Guidelines generally are not cognizable in a § 2255 motion. Even when raised under the umbrella of ineffective assistance of counsel, the defendant must show that the lawyer's failure to pursue the issue resulted in a significant increase in his sentence. See Durrive v. United States, 4 F.3d 548, 551 (7th Cir.1993). This he cannot do.
 
 
 13
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [2]
 The parties filed a joint motion in October 1992 seeking the withdrawal of the guilty plea to Count 4. According to the motion, counsel for both parties "overlooked the consecutive sentence required as a result of a plea to Count 5, if there was more than one count of conviction from the pending Indictment." R. 59, p 1