[NOT FOR PUBLICATION--NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals
## For the First Circuit

No. 01-2465

UNITED STATES,

Appellee,

v.

BELKIS ALTAGRACIA ORTIZ-DE MUNDO,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Juan M. Pérez-Giménez, U.S. District Judge]

Before

Lynch, Circuit Judge,
Cyr, Senior Circuit Judge,
and Lipez, Circuit Judge.

Joseph C. Laws, Jr., Federal Public Defender, and Yasmin A. Irizarry, Assistant Federal Public Defender, on brief for appellant.
H.S. Garcia, United States Attorney, Sonia I. Torres-Pabon, Assistant United States Attorney, and Nelson Perez-Sosa, Assistant United States Attorney, on brief for appellee.

December 9, 2002

**Per Curiam**.  Defendant-appellant Belkis Altagracia Ortiz-De Mundo appeals from the district court's refusal to grant a downward departure pursuant to U.S.S.G. § 2L1.2, Application Note 5 (2000). The government argues that this  court lacks jurisdiction to review the sentencing court's refusal to grant the departure because it was merely an exercise of its discretion.  "[A]n appeal lies if the departure decision is based on an assessment that the sentencing court is powerless to depart on the *grounds* alleged by the proponent, but not if the court simply declines to exercise its discretionary power to depart." United States v. Morrison, 46 F.3d 127, 130 (1ˢᵗ Cir. 1995)(emphasis in original).

"When determining whether the sentencing court merely refused to exercise its discretionary power to depart, we consider the totality of the record and the sentencing court's actions as reflected therein." Id.  The transcript of the sentencing hearing clearly indicates that the sentencing court believed that a departure was impermissible under § 2L1.2 because one of the requirements of Application Note 5 (concerning length of the sentence imposed for the previous conviction) had not been met. Its ambiguous statement that "if I don't exercise it, there would still be no question about it," absent any reference to facts which made such a departure unjustified in this case, does not deprive this court of jurisdiction. Compare United States v. Jackson, 93 F.3d 335, 338 (7ᵗʰ Cir. 1996) (holding that court lacked jurisdiction "where the district court **unambiguously** indicates that

2

it would not depart from the sentence, even if it had authority to do so") (emphasis added).  We find that this court has jurisdiction to review the district court's determination that it lacked authority to depart pursuant to § 2L1.2, Application Note 5.

Application Note 5 permits a downward departure if § 2L1.2(b)(1)(A) applies and three other requirements are met.  The PSR in this case indicates that the relevant subsection applied and that all three of the other requirements of Application Note 5 were met.  The district court erred in concluding that the requirement that the term of imprisonment imposed for the aggravated felony which triggered the 16-level increase under subsection (b)(1)(A) "not exceed one year" was not met in this case.  The PSR indicates (and the district court found) that the relevant prison sentence imposed was one year.  Therefore, the sentencing court had authority to grant a departure from the guideline sentencing range pursuant to Application Note 5 "based on the seriousness of the aggravated felony." § 2L1.2, comment. (n.5).  Its conclusion to the contrary was erroneous.

The sentence is <u>vacated</u> and the case is <u>remanded</u> for resentencing.[1]  <u>See</u> Loc.R. 27(c).

---

[1] We note that on remand for resentencing the current Sentencing Guidelines, including the amended version of § 2L1.2, apply.  <u>See</u>, <u>e.g.</u>, <u>United States</u> v. <u>Kirkham</u>, 195 F.3d 126, 132 n.5 (2d Cir. 1999).