**UNITED STATES of America, Plaintiff–Appellee,**

v.

**William H. HICKS, Defendant–Appellant.**

**No. 96–3591.**

United States Court of Appeals, Seventh Circuit.

Argued June 2, 1997.

Decided Oct. 27, 1997.*

---

* This opinion was circulated among all judges of this court in regular active service pursuant to Circuit Rule 40(f). All judges voted to deny rehearing en banc except Judges Ripple, Rovner and Diane P. Wood.

Thomas Edward Leggans (argued), Office of the United States Attorney, Criminal Division, Fairview Heights, IL, for Plaintiff–Appellee.

Phillip J. Kavanaugh (argued), Office of the Federal Public Defender, East St. Louis, IL, for Defendant–Appellant.

Before BAUER, CUDAHY, and KANNE, Circuit Judges.

BAUER, Circuit Judge.

William H. Hicks alleges a host of sentencing misdeeds on appeal. However, before we can entertain these allegations, we must first examine Hick's plea agreement, in which Hicks agreed to waive his right to appeal.

On July 21, 1994, a federal grand jury returned a forty-two count superseding indictment against Hicks, charging him with numerous counts of money laundering, mail fraud, and wire fraud. On March 1, 1996, pursuant to a written plea agreement, Hicks pleaded guilty to Count Fifteen, which charged him with wire fraud, in violation of 18 U.S.C. §§ 1342 and 1343. Hicks also agreed to waive his right to appeal. In exchange, the government agreed to dismiss the remaining counts, to recommend a sentence at the low end of the applicable guideline range, and to recommend a three-level reduction for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1.

On May 7, 1996, a Presentence Report ("PSR") was filed. Hicks filed objections to the PSR on October 1, 1996. On October 2, 1996, the government filed a response to Hicks' objections. Included in that response was grand jury testimony. At the sentencing hearing on October 4, 1996, Hicks' counsel stated that he had not seen the grand jury materials, but the court proceeded without his objection.

The court sentenced Hicks to sixty months imprisonment, three years of supervised release, and a $10,000 fine. In so doing, the district court relied upon the PSR findings, including the portions to which Hicks' counsel objected. Claiming that Hicks' post-plea conduct did not evidence an acceptance of responsibility, the government recommended only a two-level reduction, not the three-level reduction promised in the plea agreement. Hicks did not move to withdraw his guilty plea. Finding that Hicks was a "leader" or "organizer" as defined in U.S.S.G. § 3B1.1, the district court also enhanced his sentence. Finally, the court denied Hicks' motion for a downward departure.

Hicks appeals, arguing primarily that the government breached the plea agreement by only recommending a two-level reduction for acceptance of responsibility. He also contends that the district court erred at sentencing when: (1) it relied upon an ex parte communication; (2) it failed to state reasons for its resolution of disputed factual issues; (3) it enhanced Hicks' offense level after determining that he was a leader in the offense; and (4) it refused Hicks' request for a downward departure. The government believes that Hicks waived his right to appeal in his plea agreement. It also contends that it did not breach the plea agreement and that, in any event, Hicks waived the issue by not raising it at sentencing.

■ As a threshold matter, we must decide whether we can hear Hicks' appeal at all. We will enforce a plea agreement in which the defendant agrees to waive appeal, provided the waiver is knowing and voluntary. *See United States v. Feichtinger*, 105 F.3d 1188, 1190 (7th Cir.), *cert. denied*, —— U.S. ——, 117 S.Ct. 2467, 138 L.Ed.2d 223 (1997); *United States v. Schmidt*, 47 F.3d 188, 190 (7th Cir.1995). However, we will not enforce the waiver if the district judge relied on impermissible facts in sentencing (for example, the defendant's race or gender) or if the judge sentenced the defendant in excess of the statutory maximum sentence for the offense(s) committed. *Feichtinger*, 105 F.3d at 1190.

■ In this case, the plea agreement provided in relevant part:

The Defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. *Acknowledging all this, the Defendant knowingly waives the right to appeal any sentence within the maximum provided in the statute(s) of conviction (or*

*the manner in which that Sentence was determined) on the grounds set forth in Title 18, United States Code, Section 3742 or on any ground whatever, in exchange for the concessions made by the United States in this plea agreement.* The Defendant also waives his right to challenge his sentence or the manner in which it was determined in any collateral attack, including but not limited to a motion brought under Title 28, United States Code, Section 2255.

(emphasis added). Hicks does not argue that he entered into the plea agreement either in ignorance or under duress. He also does not argue that the district court considered impermissible factors in sentencing him or that the court sentenced him in excess of the statutory maximum. Rather, Hicks believes that he can still bring this appeal and that he is entitled to specific performance of the plea agreement because the government breached the plea agreement when it recommended only a two-level reduction for acceptance of responsibility. Specifically, the plea agreement provided:

> Defendant and the Government agree that Defendant has voluntarily demonstrated a recognition and affirmative acceptance of personal responsibility for this criminal conduct, and the Government will recommend a reduction of 3 levels, reducing the Offense Level to 25 (from Offense Level 28). See [sic] U.S.S.G. § 3E1.1.

However, Hicks did not bring this breach to the district court's attention at sentencing, where the district court could have remedied

the situation.[1] A defendant's failure to allege the breach of a plea agreement at sentencing waives the matter for appeal. *United States v. Walton*, 36 F.3d 32, 36 (7th Cir.1994) (citing *United States v. Pryor*, 957 F.2d 478, 481–82 (7th Cir.1992)); *see also United States v. Flores–Sandoval*, 94 F.3d 346, 352 (7th Cir.1996) ("Breach of a plea agreement cannot be raised for the first time on direct appeal.") (citing *United States v. D'Iguillont*, 979 F.2d 612, 614 (7th Cir.1992), *cert. denied*, 507 U.S. 1040, 113 S.Ct. 1873, 123 L.Ed.2d 492 (1993)). Because Hicks brings the breach issue for the first time on direct appeal, he has waived it.

We will, however, reverse even on a relinquished ground if the district court committed plain error. *United States v. Phillips*, 37 F.3d 1210, 1215 (7th Cir.1994). We have stated that "[a] reversal on the basis of plain error can be justified only when the reviewing court is convinced that it is necessary in order to avert an actual miscarriage of justice." *D'Iguillont*, 979 F.2d at 614 (citation omitted). That is, to establish plain error, Hicks "must show that but for the breach of the plea agreement his sentence would have been different." *D'Iguillont*, 979 F.2d at 614 (citation omitted). We would engage in a plain error analysis except for another wrinkle—Hicks not only waited until appeal to bring a charge that the government breached the plea agreement, he also signed a plea agreement which included a waiver of his right to appeal his sentence on any grounds (if that sentence is within the maxi-

---

1. The statement which most resembles a breach allegation at Hicks' sentencing hearing was when Hicks' counsel objected to the PSR. According to Hicks, the government breached the plea agreement in its response. The relevant portion of the hearing reads as follows:

THE COURT: All right. Let me take this opportunity to rule upon the legal objections [to the PSR]. Certain objections were made by Mr. Kavanaugh on behalf of his client, the first of which you can all turn to Page 12 of the presentence investigation, you can all look at Paragraph 52. It is the adjustment for the acceptance of responsibility. Mr. Kavanaugh believes that a 3 level reduction for recognition and affirmance and acceptance of responsibility should be given rather than the 2 level reduction. I would ask Mr. Kavanaugh your argument on that in 30 words or less.

MR. KAVANAUGH: Your Honor, it's pretty much summarized in the objections. I admit the plea took place at the eleventh hour, but had I seen some of this information sooner, I would have counseled Mr. Hicks to seek a negotiated plea sooner. Defending a criminal case is you take it one step at a time. I came to that point in time. We saw what they [the government] had. We negotiated the plea agreement.

THE COURT: Miss Miquelon [the Assistant U.S. Attorney on the case], your response?

MS. MIQUELON: [In] 1994 this defendant entered into a plea negotiation. We had the documents done, he changed his mind, walked away. We barely got through the plea this time. I'm more concerned that post plea the defendant has shown non-acceptance of the responsibility. I think it's in the record.

mum guideline range). As far as we can tell, there is no case from this Circuit in which both of these waiver issues are simultaneously implicated.

The Ninth Circuit, however, has addressed both issues at the same time. In *United States v. Gonzalez*, 16 F.3d 985, 987 (9th Cir.1993),[2] the government and Gonzalez entered into a plea agreement in which Gonzalez agreed to waive his right to appeal and the government agreed to ask for a two-level departure for acceptance of responsibility. *Id.* In the PSR, the probation officer found that Gonzalez had in fact shown remorse, and he recommended a downward adjustment for acceptance of responsibility. The government objected. At sentencing, the probation officer informed the court of the disagreement. *Id.* The district court gave a tentative ruling in favor of the adjustment, but then asked if the government had anything to say. *Id.* The government responded by opposing the two-level adjustment. The district court ultimately denied the reduction for acceptance of responsibility. *Id.*

Gonzalez appealed, contending that the government breached his plea agreement by opposing a two-level reduction in sentencing for acceptance of responsibility. 981 F.2d 1037, 1038 (9th Cir.1992). The government filed a motion to dismiss the appeal, arguing that Gonzalez had waived his right to appeal under the plea agreement. *Id.* The court found that Gonzalez's contention called into question the validity of his waiver. *Id.* It denied the government's motion and concluded that the issue should be resolved by a merits panel, along with any other issues that the merits panel determines are properly before it. *Id.*

In *United States v. Gonzalez*, 16 F.3d 985, 989 (9th Cir.1993), a merits panel characterized the nature of Gonzalez's appeal. The court determined that Gonzalez was not appealing the government's breach of the plea agreement. *Id.* The court found that Gonzalez was instead arguing that the government's breach of the plea agreement released him from his obligation not to appeal his

sentence. *Id.* The court concluded that Gonzalez's argument was that he was entitled to a reduction for acceptance of responsibility because he had expressed remorse for his crime, not because the government breached the plea agreement at sentencing when it stated that Gonzalez was not entitled to the reduction. *Id.*

The court acknowledged that Gonzalez's failure to raise the breach issue in the district court typically would have prevented him from arguing on appeal that he was entitled to a remedy for the breach, such as specific performance. *Id.* But the court found:

> Gonzalez's inaction, however, has no bearing on whether the government did in fact breach the agreement for purposes of determining whether Gonzalez may bring this appeal at all. These are two separate and distinct issues. Where the sole purpose of asserting a plea agreement breach is to avoid a waiver of the right to appeal, it would be meaningless to make such an argument below for the simple reason that district courts need not concern themselves with a defendant's appeal beyond informing him of the right. We recognize the district court's role as fact finder in cases of alleged plea agreement breaches, and in appropriate instances it will be necessary to remand a case for determination by the district court whether the government breached the plea agreement. In the present case, however, the breach is clear. By opposing the acceptance of responsibility adjustment, the government by its breach of the agreement released Gonzalez from his promise ... not to appeal. Once released from the bar of the appeal waiver, Gonzalez may raise any claim relating to the sentence, except a contention that first should have been presented to the district court.

◼ In this case, we agree with *Gonzalez* insofar as it holds that the failure to raise the breach issue in district court prevents a defendant from arguing on appeal that he is entitled to a remedy for the breach, such as

---

**2.** Although the Ninth Circuit's decision denying the government's motion to dismiss and granting Gonzalez's appeal precedes the merit panel's consideration of Gonzalez's appeal, we cite to the latter first because the latter provides a summary of the facts while the former does not.

specific performance. But the rest of the rationale in *Gonzalez* amounts to nothing more than splitting hairs. We cannot accept that a defendant's inaction at sentencing has no bearing on whether the government did in fact breach the agreement for purposes of determining whether a defendant may appeal at all. In our case, Hicks promised that he would not appeal and his inaction at sentencing means that he has waived the issue of whether the government did, in fact, breach the plea agreement. We must therefore dismiss Hicks' appeal.

We think that Judge Kozinski's dissent in *Gonzalez*, 981 F.2d at 1041, hits the mark much more accurately than does the majority. As he points out, when the defendant and the government enter into a plea bargain in which the defendant agrees not to appeal and the government promises to make a certain sentencing recommendation, the government breaches the plea agreement when it fails to make the promised recommendation. *Id.* Arguably, then, a defendant should be allowed to appeal on the narrow issue of whether the government has breached its responsibilities under the plea agreement. *Id.* If the reviewing court concludes that the government did indeed breach its side of the bargain, the most the defendant could hope for is specific performance, which, in our case, would be the promised three-level departure downward for acceptance of responsibility. *Id.*

Judge Kozinski noted that there were no cases before *Gonzalez* which considered the government's alleged breach of a plea bargain containing a no-appeal clause and the general rule that an issue may not normally be raised on appeal unless it first has been presented to the district court. Judge Kozinski concluded that he "would allow an appeal in a case such as Gonzalez's only where the validity of the plea bargain was first challenged in the district court or where there is a reason the issue couldn't have been raised there. In all other cases, if that plea bargain contains a no-appeal clause, I would dismiss the appeal." *Id.* at 1043. The majority's decision in *Gonzalez* may lead to

undesirable consequences, the occurrence of which we are unwilling to risk. Judge Kozinski observed:

> [T]he [prosecutor's] incentive to settle will be decidedly less if she has to contemplate the possibility that she will, nonetheless, have to defend a full-blown appeal on the merits. Criminal defendants usually have few enough bargaining chips; sparing the government the time and expense of a trial and appeal is the primary currency in which they must deal. To the extent our rulings today suggest that the government can never enjoy such an assurance of repose, we shave the already thin coin most defendants have in buying a reduction in punishment.

*Id.*

To make a long opinion short, Hicks knowingly and voluntarily signed a plea agreement which included a no-appeal clause. Hicks argues that we can hear his appeal and that he is entitled to specific performance of the plea agreement because the government breached its side of the plea bargain. Hicks traded away his other arguments on appeal when he assented to a no-appeal clause. However strong these additional arguments may be is irrelevant because Hicks agreed not to appeal. By failing to allege the government's breach with the sentencing court, Hicks has waived the issue. We dismiss Hicks' appeal because he has waived the basis on which we could have heard it.

Although we dismiss this appeal today, we would be remiss if we overlooked the government's actions in this case, which plainly puzzle us. If the government felt that Hicks did not genuinely accept responsibility for his actions, it simply could have informed Hicks that the deal was off. It could have gone before the court at sentencing and told the court that it was mistaken and could not go through with the deal, thereby releasing both the government and Hicks from the agreement. The government even could have suggested a three-point reduction to the court, knowing that the court was not bound by the recommendation.[3]

Why recommend a two-point reduction? Why should Hicks have received *any* reduc-

---

**3.** Another provision of the plea agreement cautioned:

The Government contends that it appears that under the Sentencing Guidelines, after all factors

tion for accepting responsibility if the government found no such acceptance? The government danced around this issue at argument and in its brief. It stated that at sentencing, it did not necessarily recommend a two-point reduction. The government argued that all it said at sentencing was that it agreed with the probation officer and that the plea agreement allowed the government to agree with the PSR. When asked if the government informed Hicks prior to sentencing that it would recommend only a two-level reduction, the government responded that it may have done so in response to Hicks' objections to the PSR. The government stated that it may have told the district court that it agreed with the PSR, but it never told the district court that it intended to withdraw the plea agreement or that it disagreed with the agreement.

Procedurally, this is all water under the bridge. Hicks waived his right to appeal his sentence in the plea agreement, and, at sentencing, he failed to raise the issue of whether the government breached the plea agreement, thereby waiving that issue for appeal as well. However, the government was less than forthcoming in explaining why it recommended a two-level reduction instead of the promised three. Our dismissal of Hicks' appeal should in no way be read as a sign of condonation or acceptance of the government's evasiveness and euphemism at argument.

For the foregoing reasons, Hicks' appeal is DISMISSED.

CUDAHY, Circuit Judge, concurring in part and dissenting in part.

As the multiple opinions in *Gonzalez* in the Ninth Circuit suggest, *see United States v. Gonzalez*, 16 F.3d 985 (9th Cir.1993) (merits) and *United States v. Gonzalez*, 981 F.2d 1037, 1038 (9th Cir.1992) (Kozinski, J., dissenting on preliminary motion to dismiss), the solution to this puzzle is not obvious. The majority says that it does not condone the government's handling of the matter, but the government seems to have successfully precluded our examination of the merits by securing a promise not to appeal as part of an agreement that the government has now breached.

I do not agree with the majority that it is "splitting hairs" to see the defendant's waiver of the breach of the plea bargain as it affects the acceptance of responsibility claim as separate and distinct from the issue of his right to appeal. As *Gonzalez* points out:

Where the sole purpose of asserting a plea agreement breach is to avoid a waiver of the right to appeal, it would be meaningless to make such an argument below for the simple reason that district courts need not concern themselves with a defendant's appeal beyond informing him of the right.

16 F.3d at 989.

We, not the district court, are the first level at which the question of appeal rights can be meaningfully raised. To determine whether there is a right to appeal, we must decide whether the plea agreement has been breached. I would hold that it had been, but only for the limited purpose of examining the acceptance of responsibility issue.[1] And ap-

---

have been considered, Defendant will have an Offense Level of 25 and a Criminal History Category of I, where the sentencing range is 57 to 71 months. The Government further contends that the Defendant's fine range is $10,000.00 to $100,000.00 according to U.S.S.G. § 5E1.2. The Government and Defendant also agree that this provision is not binding on the Court and that the Court ultimately will determine the guideline range after receiving the Presentence Report and giving both parties the opportunity to comment thereon. The Defendant expressly recognizes that, regardless of the guideline range found by the Court, he will not be permitted to withdraw his plea.... The Government specifically reserves the right to argue for, present testimony,

or otherwise support the Probation Office's or the Court's findings as to Offense Level and Criminal History Category (which may be in excess of the calculations set forth herein by the Defendant and the Government).

---

1. Here, in contrast to the *Gonzalez* merits panel's hypothesis, the defendant seeks specific performance of the plea agreement, so his assertion of a plea agreement breach in the trial court would not have been for the "sole purpose" of avoiding a waiver of his appeal right. Nevertheless, as in *Gonzalez*, the defendant's "inaction ... has no bearing on whether the government did in fact breach the agreement for purposes of determin-

pellate review of that issue, at least as it is governed by the plea bargain, is presumably limited to plain error since breach of the plea agreement was not raised below. Unlike the *Gonzalez* merits panel, I would not hold that all points raised at the district court are now open to appellate review. I would restrict the appeal to "the narrow issue of whether the government has breached its responsibilities under the plea agreement." Maj. Op. at 380. If we conclude, as I think we should—even as a matter of plain error—"that the government did indeed breach its side of the bargain, the most [Hicks] could hope for is specific performance, which . . . would be the promised three-level departure downward for acceptance of responsibility." *Id.*

As Judge Kozinski notes in his dissent in *Gonzalez* (motion to dismiss):

> There's no justification, however, for permitting Gonzalez to bring an appeal as to any other issue, as he now proposes to do. . . . Were we to conclude the government breached its side of the bargain, the most Gonzalez could possibly hope to receive is a two-level downward departure for acceptance of responsibility. Alternatively, of course, defendant could seek to set aside the plea bargain and go to trial, obviously risky business.

981 F.2d at 1041 (citation and footnote omitted).

Here the majority as much as concedes that the government has breached its plea bargain. I agree. I would therefore reverse the adjustment of two instead of three levels for acceptance of responsibility and remand for resentencing in accordance with this opinion, and particularly with the understanding that under the plea bargain the government is bound to advocate an adjustment of three levels. In the alternative, the defendant may ask to withdraw the guilty plea and go to trial.

Essentially, it seems to me that a breach of a plea agreement as it affects the right to appeal is not waivable in the district court. It is a matter for our determination in the first instance. I therefore respectfully dissent to the extent indicated.

ing whether [the defendant] may bring this appeal at all." 16 F.3d at 989.