151 F.3d 1034
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Steven D. ARMSTEAD, Defendant-Appellant.
 No. 97-3539.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 29, 1998.
Decided July 29, 1998.
 
 Appeal from the United States District Court for the Southern District of Illinois. No. 96 CR 30107 William D. Stiehl, Judge.
 Before Hon. RICHARD A. POSNER, Hon. WILLIAM J. BAUER, Hon. DANIEL A. MANION, Circuit Judges.
 
 ORDER
 
 1
 Pursuant to a plea agreement that included a waiver of the right to appeal his sentence, Steven D. Armstead pleaded guilty to conspiracy to distribute cocaine base in violation of 21 U.S.C. § 846 and distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1). Armstead was sentenced to 168 months' imprisonment to be followed by four years of supervised release, and fined $1,000. Despite his waiver, Armstead filed a notice of appeal. The government filed a motion to dismiss his appeal, and Armstead's attorney seeks leave to withdraw because, in his opinion, there are no nonfrivolous grounds for appeal. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); see United States v. Tabb, 125 F.3d 583 (7th Cir.1997); United States v. Wagner, 103 F.3d 551 (7th Cir.1996). After being notified of his attorney's action, Armstead filed a response. We grant the motion to withdraw and dismiss the appeal.
 
 
 2
 Counsel identifies three potential issues for appeal: (1) that Armstead's appeal waiver is unenforceable; (2) that the district court improperly denied Armstead's motion to compel specific performance of an unexecuted plea agreement that was proposed but later withdrawn by the government; and (3) that the district failed to comply with Federal Rule of Criminal Procedure 11 at the change of plea hearing. In his response, Armstead argues that his waiver is unenforceable and asserts the following additional issues: (1) the district court clearly erred in enhancing his sentence pursuant to U .S.S.G. § 3B1.1(c) for being an organizer, leader, manager, or supervisor; (2) the district court erred in calculating the amount of drugs that comprised his relevant conduct; (3) the government failed to prove by a preponderance of the evidence that the controlled substance was crack cocaine, rather than some other form of cocaine base, as defined in U.S.S.G. § 2D1.1(c); and (4) he received ineffective assistance of counsel.
 
 
 3
 If the plea agreement was validly entered, and Armstead knowingly and intelligently waived his right to appeal, then we need not address the merits of the sentencing issues. United States v. Woolley, 123 F.3d 627, 631 (7th Cir.1997). A plea agreement is valid provided it is made voluntarily and knowingly, and is taken in compliance with Rule 11. United States v. Wenger, 58 F.3d 280, 282 (7th Cir.1995). Counsel correctly states that the district court complied with Rule 11. The district court verified that there was a factual basis for the plea and that Armstead did not enter the plea agreement as a result of force, threats, or any promises aside from those contained in the plea agreement. The court also made sure Armstead knew the nature of the charges against him, the mandatory and maximum penalties he faced, that the Sentencing Guidelines would be considered but that the court could depart from them, that he had the right to plead not guilty, and the rights that he was giving up in pleading guilty.
 
 
 4
 "We will enforce a plea agreement in which the defendant agrees to waive appeal, provided the waiver is knowing and voluntary." United States v. Hicks, 129 F.3d 376, 377 (7th Cir.1997). But we will not enforce a waiver if the district court relied on impermissible facts in sentencing, such as a defendant's race or gender, or if the sentence exceeds the statutory maximum sentence for the offenses committed. Id. In this case, just as in Hicks, the plea agreement that Armstead signed provided in relevant part:
 
 
 5
 The Defendant is aware that Title 18, United States Code, Section 3742, affords a Defendant the right to appeal the sentence imposed. Acknowledging all this, the Defendant knowingly waives the right to appeal any sentence within the maximum provided in the statutes of conviction (or the manner in which that sentence was determined) on the grounds set forth in Title 18, United States Code, Section 3742 or on any ground whatever, in exchange for the concessions made by the United States in this plea agreement. The Defendant also waives his right to challenge his sentence or the manner in which it was determined in any collateral attack, including but not limited to a motion brought under Title 28, United States Code, Section 2255.
 
 
 6
 At the change of plea hearing the district court specifically went over the details of this waiver with Armstead, and Armstead stated that he understood that he would have the right to appeal except that he was waiving that right. Armstead's sentence did not exceed the statutory maximum, and nothing in the record indicates that any impermissible facts were relied on by the district court; therefore, Armstead voluntarily and knowingly waived his right to appeal. Armstead argues that his waiver was not knowing because, when the district court reminded him of the waiver at sentencing, Armstead replied that he "didn't understand that." This statement directly contradicts Armstead's representation during the Rule 11 colloquy that he understood he was waiving his right to appeal. "The purpose of the Rule 11 colloquy is to expose coercion, and the district judge must be able to rely on the defendant's sworn testimony at that hearing." United States v. Gwiazdzinski, 141 F.3d 784, 788 (7th Cir.1998); see United States v. Standiford, No. 98-1195, slip op. at 7 (7th Cir. July 10, 1998) (upholding appeal waiver despite defendant's claim he did not know plea agreement included it where defendant, when questioned by district court during Rule 11 colloquy, assured court he understood that agreement included waiver of his right to appeal). Therefore, Armstead's contradictory statement at sentencing does not alter the fact that he knowingly and voluntarily waived his right to appeal any sentencing issues.
 
 
 7
 Having found that Armstead validly waived his right to appeal the potential sentencing issues, all that remains is to consider whether the district court improperly denied Armstead's motion to compel performance of the withdrawn plea agreement and whether Armstead received ineffective assistance of counsel. Armstead pleaded guilty pursuant to the terms of the second plea agreement. Because the withdrawn plea agreement did not reasonably and detrimentally induce Armstead to plead guilty, we will not compel the government to discharge that agreement. Mabry v. Johnson, 467 U.S. 504, 509-10, 104 S.Ct. 2543, 81 L.Ed.2d 437 (1984); United States v. Traynoff, 53 F.3d 168, 171 (7th Cir.1995). Ineffective assistance claims are not normally reviewed in a direct criminal appeal. United States v. Brooks, 125 F.3d 484, 495-96 (7th Cir.1997). Because the record in this case does not provide clear evidence of ineffective assistance of counsel and counsel on appeal is the same individual who represented Armstead in the district court, this claim would have to be raised in a collateral proceeding, if not barred by Armstead's appeal waiver. United States v. Garrett, 90 F.3d 210, 214-15 (7th Cir.1996); United States v. Barnes, 83 F.3d 934, 939 (7th Cir.), cert. denied, 117 S.Ct. 156 (1996).
 
 
 8
 Armstead validly waived his right to appeal any sentencing issues, is not entitled to enforcement of the withdrawn plea agreement, and cannot raise a claim of ineffective assistance on direct appeal. Accordingly, we agree with counsel that there are no nonfrivolous issues that Armstead could raise on appeal and, therefore, we GRANT the motion to withdraw and DISMISS the appeal.[1]
 
 
 
 [1]
 Because we dismiss the appeal, the government's motion to dismiss is denied as moot