151 F.3d 1034
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Lenzy DONNERSON, Defendant-Appellant.
 No. 97-4052.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 30, 1998.
Decided July 30, 1998.
 
 Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. No. 96 CR 163 Sarah Evans Barker, Chief Judge.
 Before Hon. JOEL M. FLAUM, Hon. MICHAEL S. KANNE, Hon. TERENCE T. EVANS, Circuit Judges.
 
 ORDER
 
 1
 On December 10, 1996, a grand jury returned a thirty-nine count indictment against Lenzy Donnerson charging him with devising and participating in a scheme to defraud numerous businesses through the fraudulent acquisition and use of instant credit or service contracts in violation of 18 U.S.C. §§ 1342 and 1343. Donnerson pleaded guilty to four of the indictment's thirty-nine counts and was sentenced by the district court to forty-one months' imprisonment. He was also ordered to pay restitution in the amount of $120,774.98. Donnerson's counsel filed a notice of appeal but now seeks to withdraw under Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), because she considers an appeal to be without merit or possibility of success. Donnerson was notified of the opportunity to file a response to the Anders motion pursuant to Circuit Rule 51(a), which he has done. We grant counsel's motion to withdraw and dismiss the appeal.
 
 
 2
 Counsel states one possible ground for appeal. Donnerson could argue that the district court improperly ordered restitution because it failed to consider his inability to pay. We agree that an appeal on this issue would be frivolous. The sentencing hearing transcript reveals that the district court considered Donnerson's earning potential when it imposed the restitution order. See United States v. Moore, 127 F.3d 635, 637-38 (7th Cir.1997). Notably, the district court refused to fine Donnerson because it doubted his ability to pay both a fine and restitution. Moreover, there is no evidence that Donnerson is incapable of complying with the restitution order. See United States v. Wilson, 98 F.3d 281, 284-85 (7th Cir.1996); United States v. Viemont, 91 F.3d 946, 951 (7th Cir.1996). Donnerson has been trained as a barber and otherwise appears capable of earning honest wages.
 
 
 3
 In his response to counsel's Anders motion, Donnerson raises three grounds for appeal. First, he contends that the district court improperly held him responsible under 18 U.S.C. § 3663(a)(1)(A) for losses unrelated to the offenses of conviction. The district court's calculation was not erroneous. Donnerson pleaded guilty to engaging in a joint venture to defraud businesses and their property. Accordingly, he is liable for losses incurred as of the result of the entire fraudulent scheme, not just for the losses of those victims specifically enumerated in the counts to which he pleaded guilty. See United States v. Brown, 47 F.3d 198, 203 (7th Cir.1995). The presentence report detailed the losses suffered by the victims of Donnerson's fraudulent scheme. All of these losses directly relate to the crimes to which Donnerson pleaded guilty. United States v. Menza, 137 F.3d 533, 538-39 (7th Cir.1998) ("[T]he restitution order must directly relate to the crimes charged in the information."). Therefore, an appeal of this issue would be meritless.
 
 
 4
 Next, Donnerson claims that the government breached the plea agreement by arguing at sentencing that he would jeopardize his two-point reduction for acceptance of responsibility if he contested the restitution calculation. Donnerson contends that the plea agreement allowed him to contest the restitution calculation and still receive the two-point reduction. But Donnerson failed to allege the breach of the plea agreement at sentencing, and thus waived the matter for appeal. United States v. Hicks, 129 F.3d 376, 378 (7th Cir.1997); United States v. Walton, 36 F.3d 32, 36 (7th Cir.1994).
 
 
 5
 Finally, Donnerson contends that the government erred in classifying his crime as a class "D" felony instead of a class "E" felony, which resulted in a three-year, rather than a one-year, term of supervised release. This designation, which the district court adopted, was not in error. Donnerson pleaded guilty to mail and wire fraud, both of which are Class D felonies. See United States v. Marvin, 135 F.3d 1129, 1131 (7th Cir.1998) (wire fraud is a class D felony); United States v. Saunders, 129 F.3d 925, 932 (7th Cir.1997) (mail fraud is a class D felony). The maximum term of supervised release for a class D felony is three years. Because the district court acted within its discretion in sentencing Donnerson to a three-year term of supervised release, any appeal relating to this part of the sentence would be frivolous.
 
 
 6
 Counsel's motion to withdraw is GRANTED and the appeal is DISMISSED.