# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

————————

No. 04-2605

————————

United States of America,

        Appellee,

     v.

Durn C. Smith, Jr.,

        Appellant.

\*
\*
\*
\*
\*
\*
\*
\*
\*
\*

Appeal from the United States
District Court for the
Western District of Missouri.

[PUBLISHED]

————————

Submitted: April 15, 2005
Filed: July 7, 2005

————————

Before WOLLMAN, HANSEN, and RILEY, Circuit Judges.

————————

HANSEN, Circuit Judge.

     Durn C. Smith, Jr. pleaded guilty pursuant to a written plea agreement to possession with intent to distribute five or more grams of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B).  Smith appeals, arguing that the district court[1] erred in sentencing him to 235 months of imprisonment in violation of Blakely

—————————————

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

v. Washington, 124 S. Ct. 2531 (2004). Because Smith waived his right to appeal his sentence as part of his plea agreement, we dismiss the appeal.

Smith entered into a plea agreement with the government on November 26, 2003, in which Smith agreed to plead guilty to Count I of the indictment, and the government agreed not to file additional criminal charges arising from the facts of the case. In the plea agreement, Smith "agree[d] not to appeal or otherwise challenge the constitutionality or legality of the Sentencing Guidelines," and "expressly waive[d] the right to appeal his sentence, directly or collaterally, on any ground except for an upward departure by the sentencing judge, a sentence in excess of the statutory maximum, or a sentence in violation of law apart from the Sentencing Guidelines." (Appellee's Add. at 4-5, ¶ 9.)

On June 23, 2004 (the day before the Supreme Court issued Blakely), the district court sentenced Smith to 235 months of imprisonment, and Smith appealed the sentence. Smith argues that the appeal waiver in his plea agreement does not prevent our review of his appeal because he is not challenging the constitutionality of the Guidelines as a whole, but only "the constitutionality of the process by which facts material to his sentencing were proven." (Appellant's Br. at 12-13.) He also invokes one of the exceptions to the appeal waiver, namely that his sentence exceeded the statutory maximum as that term was defined in Blakely.

As long as an appeal falls within the scope of the appeal waiver, and the defendant enters both the plea agreement and the waiver knowingly and voluntarily, we will enforce the waiver, unless to do so would result in a miscarriage of justice. United States v. Andis, 333 F.3d 886, 889-90 (8th Cir.) (en banc), cert. denied, 540 U.S. 997 (2003). Smith does not allege that he entered either the plea agreement or the appeal waiver unknowingly or involuntarily, and nothing in the record suggests that he did. The district court questioned Smith about his understanding of the plea agreement and the extent of the appeal waiver during the change of plea colloquy, and

we conclude that Smith voluntarily and knowingly entered into the plea agreement and appeal waiver. See United States v. Reeves, No. 04-2356, 2005 WL 1366432, at *2 (8th Cir. June 10, 2005).

Smith's Blakely challenge falls within the scope of his appeal waiver. Relying on Blakely, Smith argues that the district court violated his Sixth Amendment rights when it included drug quantities not admitted by him or found by a jury beyond a reasonable doubt in setting his sentence. Smith argues that his base offense level should have been 32 based on the admitted drug quantities rather than 34 based on additional drug quantities as found by the district court. This Blakely challenge is quintessentially a constitutional challenge to the Guidelines and is expressly precluded by Smith's agreement not to appeal the constitutionality or legality of the Guidelines. See United States v. Young, No. 04-2386, slip op. at 5 (8th Cir. July 5, 2005) (holding that a Blakely challenge fell within the defendant's waiver of his right to appeal the constitutionality or legality of the Guidelines).

Nor does Smith's appeal fall within the exception to his appeal waiver for a sentence in excess of the statutory maximum. Smith claims that his sentence exceeds the "statutory maximum" as that term is defined post-Blakely because his sentence exceeds the "unenhanced" sentencing range that would have applied had the district court not made enhancements based on judge-found facts. See Blakely, 124 S. Ct. at 2537 ("[T]he 'statutory maximum' for Apprendi [v. New Jersey, 530 U.S. 466 (2000),] purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.") (emphasis omitted). While this argument may have carried water for a short period of time following Blakely, the Supreme Court put it to rest in United States v. Booker, 125 S. Ct. 738, 764-66 (2005), where the Court remedied the Sixth Amendment concern with the Guidelines by excising the statutory provisions making the Guidelines mandatory. "Post-Booker, the Guidelines ranges are merely advisory ranges, and the criminal statute of conviction provides the maximum statutory sentence." Young, No. 04-

2386, slip op. at 5. Further, Smith stated in the plea agreement that he understood that the statutory maximum sentence for the charge to which he pleaded guilty was 40 years of imprisonment. See United States v. Fogg, No. 04-2723, 2005 WL 1186535, at *2 (8th Cir. May 20, 2005) ("[P]lea agreements are contractual in nature and are to be interpreted according to the parties' intentions, looking to what the parties reasonably understood to be the terms."). Smith's 235-month sentence was well within the 40-year statutory maximum and hence, falls within the scope of his appeal waiver. See Reeves, 2005 WL 1366432 at *3 (enforcing appeal waiver and defining statutory range to be the range contained in 21 U.S.C. § 841(b)(1)(B) rather than the Guidelines range).

Accordingly, we dismiss Smith's appeal.

_____