**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 2, 2005[*]
Decided September 6, 2005

**Before**

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

No. 04-3409

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Indiana, South Bend Division. |
| *v.* | No. 3:03-CR-00129(01)RM |
| MARK LEON, *Defendant-Appellant.* | Robert L. Miller, Jr., *Chief Judge.* |

**O R D E R**

Mark Leon pleaded guilty to one count of possession of a firearm by a felon, 18 U.S.C. § 922(g)(1), and was sentenced to 30 months' imprisonment (to be served consecutively to an unexpired state sentence for battery) and three years' supervised

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

release. His plea agreement includes a waiver of his right to appeal the conviction or sentence, but Leon argues that the waiver is void under *United States v. Hicks*, 129 F.3d 376, 377 (7th Cir. 1997), which observes (like many other opinions) that an appeal waiver is unenforceable if the sentence imposed exceeds the "statutory maximum." The statute defining the penalties for this crime gives 10 years as the maximum term of imprisonment, 18 U.S.C. § 924(a)(2), but Leon contends that after *Blakely v. Washington*, 542 U.S. 296 (2004), the phrase "statutory maximum" means the upper end of the guideline range as calculated without reliance on any judicial factfinding, and that under this interpretation his 30-month sentence exceeds the "statutory maximum."

Both parties briefed this appeal well before the April 26 release of *United States v. Bownes*, 405 F.3d 634 (7th Cir. 2005), which makes clear that the extension of *Blakely* to the guidelines in *United States v. Booker*, 125 S. Ct. 738 (2005), changed nothing with respect to this court's treatment of appeal waivers. *See Bownes*, 405 F.3d at 636-37. A waiver that would have been enforced before *Booker* will still be enforced now, even if it was negotiated without anticipating the change in sentencing procedure wrought by *Booker*. *See id.* at 637. Already three opinions and a number of unpublished orders have applied *Bownes* in rejecting attempts to raise a *Booker* claim despite a waiver of appeal. *See, e.g., United States v. Lockwood*, 416 F.3d 604, 608 (7th Cir. 2005); *United States v. Roche*, 415 F.3d 614, 617 (7th Cir. 2005) ("[T]here is nothing special about *Booker* that precludes enforcement of a waiver."); *United States v. Cieslowski*, 410 F.3d 353, 364 (7th Cir. 2005) ("The plea agreement contained a waiver of Cieslowski's right to appeal 'any sentence within the maximum provided in the statute of conviction.' We strictly enforce such waivers.").

*Lockwood* expressly repudiates Leon's "statutory maximum" argument and controls this case. The defendant in *Lockwood*, just like Leon, argued that a Sixth Amendment *Booker* error was a "'fundamental error' of the sort that may resurrect his right to appeal." *Lockwood*, 416 F.3d at 608. We expressly acknowledged that being sentenced beyond the "statutory maximum" is one of several reasons why a waiver might be ignored. *Id.* (citing *Bownes*, 405 F.3d at 637). But we also made plain that none of the acknowledged exceptions to waivers was applicable in that case, *id.*, which can only mean that the phrase "statutory maximum" as used in cases like *Hicks* has nothing to do with the upper end of a range under the sentencing guidelines. A majority of circuits already have rejected similar arguments. *See, e.g., United States v. Maldonado*, 410 F.3d 1231, 1233 (10th Cir. 2005) (per curiam) (rejecting claim identical to Leon's because "'statutory maximum' for purposes of [Tenth Circuit precedent articulating limits on the enforceability of appeal waivers] does not have the same meaning as that given by the Court in *Blakely* and extended

to the sentencing guidelines by *United States v. Booker*"); *United States v. Smith*, 413 F.3d 778, 780-81 (8th Cir. 2005) (explaining that *Blakely* and *Booker* do not alter meaning of "statutory maximum" as used in language of appeal waivers); *United States v. Bond*, 414 F.3d 542, 546 n.8 (5th Cir. 2005) (same; citing cases); *United States v. Blick*, 408 F.3d 162, 169 n.7 (4th Cir. 2005) (same; citing cases).

Accordingly, we DISMISS Leon's appeal.