**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 13, 2005[*]
Decided September 14, 2005

**Before**

Hon. FRANK H. EASTERBROOK, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 04-2473

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division |
| *v.* | |
| LEONARDO GARCIA, *Defendant-Appellant*. | No. 02-169-CR-03-M/F |
| | Larry J. McKinney, *Chief Judge*. |

**O R D E R**

Leonardo Garcia pleaded guilty to methamphetamine charges, *see* 21 U.S.C. §§ 846, 841(a)(1), and was sentenced to a total of 188 months' imprisonment. His plea agreement includes an appeal waiver made contingent on receiving a sentence at "the minimum level of the applicable sentencing guidelines range," and though his cooperation with the government earned him a sentence *below* the 235- to 293- month range that otherwise would have applied, *see* U.S.S.G. § 5K1.1, Garcia

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

appeals anyway.  He argues that *United States v. Booker*, 125 S. Ct. 738 (2005), requires resentencing.  The government asks that we enforce the waiver and dismiss the appeal.

Garcia filed his opening brief before our decision in *United States v. Bownes*, 405 F.3d 634 (7th Cir. 2005), which holds that appeal waivers like this one executed before *Booker* are enforceable whether or not the parties anticipated that decision, *id.* at 636-37; *see United States v. Cieslowski*, 410 F.3d 353, 364 (7th Cir. 2005); *United States v. Peterson*, 414 F.3d 825, 828-29 (7th Cir. 2005).  Garcia seeks to circumvent *Bownes* by arguing that a waiver cannot be enforced against a defendant who is sentenced to a term of imprisonment above the "statutory maximum," *see, e.g., United States v. Hicks*, 129 F.3d 376, 377 (7th Cir. 1997), which, Garcia says, is what happened to him.  And while Title 21 expressly authorizes up to 20 years' imprisonment for dealing in the smallest amounts of methamphetamine, *see* 21 U.S.C. § 841(b)(1)(C); *Talbott v. Indiana*, 226 F.3d 866, 869 (7th Cir. 2000), Garcia reasons that after *Booker* and *Blakely v. Washington*, 542 U.S. 296 (2004), the phrase "statutory maximum" means, not the longest term allowed by the code section defining the offense, but instead the guideline range calculated without judicial factfinding.  We rejected this argument implicitly in *Bownes*, 405 F.3d at 636-37, and did so explicitly in *United States v. Lockwood*, 416 F.3d 604, 608 (7th Cir. 2005).

DISMISSED.