NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 20, 2012
Decided February 9, 2012

**Before**

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 10-2541

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 08-CR-320 |
| LISA MACK, *Defendant-Appellant.* | Lynn Adelman, *Judge.* |

**O R D E R**

Lisa Mack hired a gunman to kill her estranged husband after taking out a life-insurance policy in his name, but authorities discovered the plot before it could be carried out. She pleaded guilty to causing the gunman to travel interstate to commit murder for hire and to possessing a firearm in furtherance of a crime of violence. 18 U.S.C. §§ 1958(a), 924(c). The district judge sentenced Mack to 120 months' imprisonment on the first count (the statutory maximum and far below the applicable guidelines range of 235 to 293 months) and 60 months' imprisonment on the second count (the statutory minimum and guidelines term), to run consecutively, and a total of 3 years' supervised release. Despite having waived her right to appeal as part of a plea agreement, Mack brought this appeal. Her newly appointed lawyer now seeks to withdraw because he believes an appeal would be frivolous. *See Anders v. California,* 386 U.S. 738 (1967). Mack opposes counsel's

motion. *See* CIR. R. 51(b). We confine our review to the potential issues identified in counsel's facially adequate brief and in Mack's response. *United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002).

Counsel considers whether Mack could argue that her guilty plea is invalid, but Mack has not contested the validity of the plea or in any way suggested she is willing to forgo the benefits of her plea agreement (the government dismissed one count of the indictment in exchange for the plea). *See United States v. Knox*, 287 F.3d 667, 671–72 (7th Cir. 2002). Because Mack does not request that her guilty plea be set aside, and because an appeal waiver stands or falls with the plea, the appeal waiver must stand. *See United States v. Quintero*, 618 F.3d 746, 752 (7th Cir. 2010); *Nunez v. United States*, 546 F.3d 450, 454 (7th Cir. 2008). This waiver forecloses Mack's argument in her response that her guidelines imprisonment range was miscalculated.

Mack's appeal waiver excepts claims based on "(1) any punishment in excess of the statutory maximum, (2) the sentencing court's reliance on any constitutionally impermissible factor, and (3) ineffective assistance of counsel." Mack was not subjected to any punishment exceeding an applicable statutory maximum, *see* 18 U.S.C. §§ 1958(a), 924(c)(1)(A)(i), 3583(b)(1), (2), and counsel has not identified any improper factors that the court relied on in determining Mack's sentence, s*ee United States v. Hicks*, 129 F.3d 376, 377 (7th Cir. 1997). Neither has counsel identified any basis for challenging the performance of Mack's lawyer in the district court, and, at all events, a claim of ineffective assistance is more appropriately pursued in a collateral proceeding. *Massaro v. United States*, 538 U.S. 500, 504–05 (2003); *United States v. Persfull*, 660 F.3d 286, 299 (7th Cir. 2011).

Accordingly, we **GRANT** counsel's motion to withdraw. The appeal is **DISMISSED**.